**Francis X. McLAUGHLIN, et al., Appellants,**

v.

**Maxine CHESHIRE.**

**No. 81–2216.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 15, 1982.

Decided April 30, 1982.

---

Francis McLaughlin, pro se, for appellants.

David E. Kendall, Washington, D. C., with whom Kevin T. Baine, Washington, D. C., was on the brief, for appellee.

Before WRIGHT, TAMM, and GINSBURG, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

This appeal requires us to address the limits on the District Court's discretion to require a plaintiff to pay a defendant's reasonable expenses when the plaintiff seeks voluntary dismissal of one action to pursue related claims in another forum.

On April 1, 1981 appellants amended their complaint in a Maryland state court action to include appellee as a defendant; on April 2, 1981 appellants filed actions against appellee in the United States District Court for the District of Columbia, and against appellee's former employer, *The Washington Post*, in the United States District Court for the District of Maryland. All three actions apparently involve similar—if not identical—factual contentions and claims for relief.

On June 2, 1981, after appellee had filed a motion to dismiss or for summary judgment, appellants sought voluntary dismissal of their District of Columbia action, stating their intention to pursue their claims against appellee in the state court action in Maryland. Pursuant to Federal Rule of Civil Procedure 41(a)(2), the District Court required appellants to pay appellee's reasonable attorney fees and costs incurred in this action, as a condition on granting a dismissal without prejudice. Appellee submitted a statement of costs and legal fees, which the District Court approved in full, except for reducing the lawyers' hourly rate. Appellants requested but were denied a full evidentiary hearing. On July 28, 1981 the District Court granted appellants' motion to dismiss without prejudice subject to payment by them to appellee of $4,032.35. Payment was not forthcoming, and on October 20, 1981 the District Court granted appellee's motion to dismiss with prejudice. This appeal followed.

■ The District Court has broad discretion to impose conditions on granting plaintiffs' motions for voluntary dismissal without prejudice after the adverse party has filed a motion for summary judgment. *See* Fed.R.Civ.P. 41(a)(2). But that discretion is limited to imposing conditions that will alleviate harm (other than tactical disadvantage) that the defendant will suffer if the motion is granted. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604–605 (5th Cir. 1976).

■ It is common for courts to require plaintiffs to pay their opponents' reasonable legal fees and costs as a condition of dismissal under Rule 41(a)(2). However,

where a plaintiff seeks voluntary dismissal in one forum to pursue pending litigation against the defendant in another forum, the defendant is not entitled to reimbursement for expenses incurred in preparing work product that has been or will be useful in the continuing litigation. *GAF Corp. v. Transamerica Insurance Co.*, 665 F.2d 364, 369 (D.C.Cir.1981). Defendants do not suffer harm from having to pay the full cost of defending an action in a proper forum, and plaintiffs should not be forced to pay for work that is being or will be used against them in ongoing litigation. Therefore, plaintiffs seeking Rule 41(a)(2) dismissals that do not terminate litigation between the parties should not be required to pay more than the difference between the defendants' actual expenses and those they would have incurred had the plaintiffs filed a single action in the forum where litigation will proceed.

■ In this case the same law firm is representing appellee and her former employer in this action and in the ongoing litigation in state and federal courts in Maryland. In opposing appellee's statement of expenses, appellants maintained that appellee's lawyers were charging for work they did in preparing motions in this action, when nearly identical motions were filed in the two ongoing actions in Maryland. Yet the District Court did not inquire into whether this had occurred, and the record is bare of facts or any statement of reasons by the District Court showing why payment of over $4,000 was a reasonable condition to impose on granting appellants' motion. Given appellants' allegations and the likelihood that $4,000 represents more than the "marginal cost" to appellee of defending, briefly, a second lawsuit, this record requires us to vacate the District Court's orders of July 28, 1981 and October 20, 1981. *See LeCompte v. Mr. Chip, Inc., supra,* 528 F.2d at 605.

In the further proceedings required to end the dispute over appellants' request for dismissal without prejudice, the District Court may, in its discretion, rely entirely on written submissions from the parties or hold an evidentiary hearing to resolve issues of fact that cannot be resolved on the papers submitted. *See Copeland v. Marshall,* 641 F.2d 880, 905 (D.C.Cir.1980) (*en banc*). If appellee wishes to pursue her claim for reasonable expenses incurred in this action, she should file in the District Court a statement of legal fees and costs, along with supporting documentation. That statement should show what expenses were incurred solely on account of this action (*e.g.,* costs of filing motions, making copies of motions, preparing motions useful only in this action) and what expenses were incurred for work product that has been or may be useful to appellee or to *The Washington Post* in other litigation pending at the time appellants' motion for voluntary dismissal was filed.

*Judgment accordingly.*