**Smith Eugene WHITE and Cheryl White, Plaintiffs,**

v.

**TELELECT, INC., a Corporation and Alatec Industries, Inc., Formerly Altex, Inc., a Corporation, Defendants.**

Civ. A. J85–0025(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

March 20, 1986.

Joel J. Henderson, William R. Armstrong, Jr., Frank J. Dantone, Greenville, Miss., for plaintiffs.

W.O. Luckett, Jr., Michael T. Lewis, Clarksdale, Miss., Douglas J. Gunn, James L. Carroll, Jackson, Miss., for defendants.

MEMORANDUM OPINION
AND ORDER

BARBOUR, District Judge.

This matter is before the Court pursuant to the Rule 41(d) Motion of Defendant Altec Industries for its costs, attorneys fees, and expenses incurred in its defense of an action which was voluntarily dismissed at the instance of Plaintiffs herein in the United States District Court for the Northern District of Mississippi, No. GC–84–221–LS–0. This litigation was originally instituted by Plaintiffs in state court in Missouri. The Defendants removed the action to the United States District Court for the Eastern District of Missouri. Upon motion of Defendants, the federal court in Missouri transferred the cause to the Northern District of Mississippi pursuant to 28 U.S.C. § 1404. Subsequently, in January 1985, while the Northern District action was still

pending, Plaintiffs filed this action in the Southern District of Mississippi. This action is identical to the Northern District action except that one of the Defendants was dropped and another Defendant was added. Plaintiffs then moved the judge of the Northern District for a voluntary dismissal of the action without prejudice. Altec, a Defendant in both pending actions, opposed the motion for voluntary dismissal in the Northern District and requested that the judge of the Northern District enjoin Plaintiffs from proceeding in the Southern District. In its opinion dated April 22, 1985, the court found that reasons existed to allow the Plaintiffs to proceed in the Southern District action. Accordingly, it sustained Plaintiffs' motion for a voluntary dismissal of the Northern District action without prejudice and denied Altec's Motion for injunctive relief. While the court placed no "terms and conditions" upon the voluntary dismissal of the action, see F.R. Civ.P. Rule 41(a)(2)[1], it expressly did not foreclose Altec's opportunity to file a motion for sanctions against Plaintiffs. Altec then filed a motion for sanctions in the Northern District. In an opinion dated July 18, 1985, the judge denied the motion on the basis that the court in which the suit was presently pending (i.e. the Southern District) was the proper forum for disposition of the motion. Accordingly, Altec has now filed its Rule 41(d) motion in this Court.

F.R.Civ.P. Rule 41(d) provides:

If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs and the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

With due respect to our colleague in the Northern District, we do not think that this Court is the proper forum for the disposi-tion of the motion under the circumstances present here. Specifically, we hold that Rule 41(d) is not applicable and that no relief could be forthcoming from this Court under the language of the Rule.

By its express terms, Rule 41(d) contemplates a specific sequence of events. It is applicable where a plaintiff has "once dismissed an action in any court" and then "commences" an action based on the same claim against the same defendant. While it is unquestioned that the instant action involves the same claim against the same defendant, the time sequence required by the Rule—dismissal of an action in one court followed by the commencement of an action in another court—is missing. Here, the Southern District action was already filed and pending at the same time the motion for voluntary dismissal without prejudice was filed in the Northern District action. The two near-identical actions were proceeding simultaneously at that time. Accordingly, when the motion for voluntary dismissal was pending in the Northern District, the case was in a classic posture for the imposition of "terms and conditions" upon a dismissal by that court pursuant to Rule 41(a)(2). *See McLaughlin v. Cheshire,* 676 F.2d 855 (D.C.Cir.1982). Had the court imposed the payment of appropriate fees and costs, i.e. a *McLaughlin* remedy, as a condition precedent under Rule 41(a)(2) to the granting of a dismissal without prejudice of the Northern District action, Plaintiffs would have had the option of either (1) declining to pay such fees and costs and continuing to pursue the cause to judgment in the Northern District, or of (2) accepting the conditions, paying the fees and costs assessed, and proceeding in the pending Southern District action. *Yoffe v. Keller Industries, Inc.,* 580 F.2d 126, 129 (5th Cir.1978).

We hold that where, as here, a second identical action against the same defendant is *pending* at the time a motion for a voluntary dismissal without prejudice of

---

1. In pertinent part, Rule 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

the first action is made, Rule 41(a)(2) and the "terms and conditions" on dismissal that may be imposed pursuant thereto constitute the sole remedy by which the defendant may obtain the fees and costs incurred in his defense of that action. The Rule 41(a)(2) determination must be made by the court before which the motion for dismissal is pending. Where those circumstances have existed, and no relief has been forthcoming from the dismissing court, Rule 41(d) does not apply and does not provide a basis for relief by the court in which the action continues.

It may well be that terms and conditions as described in *McLaughlin* would have been appropriately placed upon plaintiffs in order to protect Altec from any harm or inconvenience which may have been suffered by virtue of a dismissal. This Court, however, cannot now provide relief.

For the reasons set forth above, it is ordered that Altec's Rule 41(d) Motion be, and hereby is, denied.