Mindy **TARAGAN**

v.

**ELI LILLY AND COMPANY, INC., Appellant.**

**No. 87–7017.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 15, 1987.

Decided Feb. 12, 1988.

Gail L. Heriot, with whom James A. Hourihan, Washington, D.C., was on the brief, for appellant.

Aaron M. Levine, Washington, D.C., with whom Brenda C. Wagner was on the brief, for appellee.

Before BUCKLEY and SENTELLE, Circuit Judges, and HOWARD T. MARKEY,* Chief Judge, United States Court of Appeals for the Federal Circuit.

Opinion for the court filed by Circuit Judge BUCKLEY.

BUCKLEY, Circuit Judge:

This is an appeal from an order by the district court permitting appellee to voluntarily dismiss her complaint under Federal Rule of Civil Procedure 41(a)(2). Because the district court did not adequately explain its refusal to condition the voluntary dismissal on the payment of appellant's wasted attorneys' fees, we reverse and remand.

## I. BACKGROUND

The complaint alleges that appellee's mother used DES during pregnancy, resulting in appellee's cancer. Because the statute of limitations had run in New York, the suit was filed in United States District Court for the District of Columbia, even though the events complained of occurred and the appellee lives in New York.

Approximately one year after the complaint was filed, appellee moved to transfer the case to New York federal court under 28 U.S.C. § 1404(a) (1982), mainly because a modification of New York law now made it possible to bring the case in that jurisdiction. At the hearing on the motion to transfer, the district judge and appellee's counsel had the following exchange:

THE COURT: Why don't you then go and refile up there [in New York]?

MR. LEVINE: I can dismiss here and refile up there.

THE COURT: Wouldn't that be the way to do it?

MR. LEVINE: Then I'll move for a dismissal.

Record Excerpts ("R.E.") 12–13. Appellant's counsel objected:

MR. SIMONDS: [U]nder the Federal Rules I don't think that he can dismiss without prejudice at his option. We are a year into this case and we've made an enormous investment in investigating this case and filing with this court material relative to the case, and in preparing to try the case down here. It's simply too late.

THE COURT: Well whether it is too late or not it seems to me if that is what he wants to do—

MR. SIMONDS: We lose the opportunity to go to trial on a current, indeed speedy, basis....

As I understand it, Your Honor, Rule 41 voluntary dismissal is not available and it has to be a dismissal by the court at this point, and only on condition—the court should only do that on conditions that effectively make the dismissal fair....

There is no Motion to Dismiss at all and I think that if the court is going to entertain that he ought to file such a motion and we ought to be able to brief it. That raises separate issues and there is separate case law.

THE COURT: He doesn't have to do that if he files in New York. He can file in New York.

MR. SIMONDS: He still has to get rid of this case here. It's on track for trial.

THE COURT: Well I'm saying that that's up to me.

R.E. 19–21.

Appellant filed a motion to comment on the dismissal, and later a motion to amend the judgment, arguing that the dismissal should have been conditioned on payment of attorneys' fees. The trial court did not specifically address appellant's request, but

---

* Sitting by designation pursuant to 28 U.S.C. § 291(a) (1982).

required each side to "bear[ ] its costs incurred." R.E. 42.

## II. DISCUSSION

### A. Failure to Condition Dismissal on Payment of Attorney's Fees

Federal Rule of Civil Procedure 41(a)(2) provides:

Except as provided in paragraph (1) of this subdivision of this rule [relating to dismissal by stipulation], an action shall not be dismissed at the plaintiff's instance save upon order of the court and *upon such terms and conditions as the court deems proper.*

(emphasis added).

■ "The trial court's determination of 'terms and conditions' may be overturned only if the court abused its discretion." *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 368 (D.C.Cir.1981). Appellate deference is less warranted, however, when the basis of the district court's determination is unclear.

In *McCants v. Ford Motor Co.*, 781 F.2d 855 (11th Cir.1986), plaintiff initiated an action in November of 1983, and moved to dismiss voluntarily under Rule 41(a)(2) in January of 1985. The trial court granted the motion without imposing conditions, but "did not explicitly rule on appellant's request [for conditions], instead simply denying it by implication by failing to impose or discuss any conditions when the dismissal without prejudice was ordered." 781 F.2d at 860. The Eleventh Circuit reversed:

We simply cannot properly evaluate the district court's exercise of its discretion in this regard without the benefit of some record of the factors it took into consideration in reaching its decision. We thus remand the case....

781 F.2d at 861. The court of appeals subsequently affirmed the fee award that the district court imposed on remand. 789 F.2d 1539 (11th Cir.1986).

*McCants* relied on *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir.1976). There, the trial court granted a motion to dismiss under Rule 41(a)(2) on the condition that a new suit be filed only with the court's permission. The court did not indicate the reasons for the imposition of this condition. As there was "nothing in the order or in the record from which [the appellate court could] ascertain whether the court properly exercised its discretion in imposing conditions on the dismissal," the reviewing court reversed and remanded for a fuller consideration and statement of reasons. 528 F.2d at 605.

This court relied on *LeCompte* in *McLaughlin v. Cheshire*, 676 F.2d 855 (D.C.Cir.1982), a case involving related issues. The district court conditioned voluntary dismissal on the payment of over $4,000 in attorneys' fees. The dismissal was motivated by plaintiffs' intention to pursue a similar case in Maryland state and federal courts. Plaintiffs argued that the fee award was excessive, as much of the preparation for the D.C. case could be used in the Maryland actions. The district court "did not inquire" into the overlap, and "the record [was] bare of facts or any statement of reasons by the District Court showing why payment of over $4,000 was a reasonable condition to impose on granting appellants' motion." 676 F.2d at 857. The judgment therefore was vacated and remanded for a redetermination of the proper amount of the award. *Id.* (citing *LeCompte* ). *Cf. Conafay by Conafay v. Wyeth Laboratories*, 793 F.2d 350, 353–54 (D.C.Cir.1986) (reversing refusal to grant voluntary dismissal because of absence of statement of reasons in record).

■ Here, the district court did not state its reasons for rejecting appellant's motion to condition the dismissal on the payment of attorneys' fees. We therefore are unable to determine whether the court considered appellant's request for the fees condition, much less his reasons for rejecting that request. As the record before us is insufficient to determine whether the district court abused its discretion, we remand for a reconsideration and fuller statement of reasons.

■ For the guidance of the district court on remand, we review the principles

governing conditions attached to voluntary dismissals. The leading case in this circuit is *GAF Corp. v. Transamerica Insurance Co.*, 665 F.2d 364 (D.C.Cir.1981). GAF sought a declaratory judgment that certain insurance carriers were obliged to defend and indemnify it in asbestos cases. It later developed that another carrier was an indispensable party but could not be joined in D.C. GAF thus moved for voluntary dismissal under Rule 41(a)(2) in order to refile in a jurisdiction in which all parties could be joined. The motion was granted, and we affirmed. One of the defendants subsequently moved for attorneys' fees, which the district court awarded. We affirmed the fee award, stating:

> The purpose of the "terms and conditions" clause [of Rule 41(a)(2) ] is to protect a defendant from any prejudice or inconvenience that may result from a plaintiff's voluntary dismissal. Attorneys' fees and costs are commonly awarded as one such "term and condition" for a voluntary dismissal, for those costs were undertaken unnecessarily in such a case.

665 F.2d at 367 (footnotes omitted). We rejected GAF's argument that the fee award was inappropriate because the motion to dismiss had been made "in good faith":

> Good faith, however, is simply irrelevant to an award of attorneys' fees ... under Rule 41(a)(2).... [T]he purpose of the rule is to protect defendants from undue prejudice or inconvenience caused by a plaintiff's premature dismissal. No matter how conscientious and diligent GAF may have been, Transamerica suffered some costs by defending this action in the District of Columbia before it was moved elsewhere, and Transamerica is entitled to such reimbursement of those costs as the court may order.

665 F.2d at 369 (footnote omitted).

Thus, we do not follow those circuits that have permitted or required the district court to refuse to condition voluntary dismissal on the payment of attorneys' fees because of the plaintiff's good faith. *See Davis v. USX Corp.*, 819 F.2d 1270, 1276

(4th Cir.1987). Moreover, the relative wealth of plaintiff and defendant is irrelevant to the determination of the propriety of a fee condition. *Kern v. TXO Production Corp.*, 738 F.2d 968, 972 (8th Cir. 1984). If the district court decides to condition dismissal on payment of fees, however, the amount must be limited to compensation for work that cannot be used in the New York action. *GAF*, 665 F.2d at 369–70. This amount must be supported by evidence in the record. *McLaughlin*, 676 F.2d at 857; *see also Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir.1985) (amount of fee not supported by adequate record evidence). Once the amount of the fee is set (if it is set at all), appellee will be free to accept the condition or, in the alternative, to reject it and proceed with the case in this jurisdiction. *GAF*, 665 F.2d at 367–68.

**B. Procedural Errors**

■ Appellant's claim that the district court's approval of the voluntary dismissal was infected by procedural errors is essentially a restatement of its argument that the court abused its discretion in failing to condition the dismissal on the payment of attorneys' fees. The claimed harm from the alleged procedural irregularities is the failure to impose conditions. As we remand for a reconsideration of the attorneys' fees request, the procedural claims are not essential to our decision. We nevertheless discuss one of these claims for the benefit of the district court.

Appellant argues that appellee's motion to dismiss was not made in writing, in violation of Federal Rule of Civil Procedure 7(b)(1). Rule 7(b)(1) provides:

> An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing....

The rule serves at least two functions: to permit the court and the parties to determine what transpired, and to permit the court and the party opposing the application to prepare adequately. The first function is satisfied whenever the application is made at a hearing at which the proceedings are recorded. *Alger v. Hayes*, 452 F.2d

841, 843 (8th Cir.1972); *cf. Witt v. Merrill,* 208 F.2d 285 (4th Cir.1953) (Rule 7(b)'s writing requirement satisfied when motion made on record); *In re J & M Doyle Co.,* 130 F.2d 340, 341 (3d Cir.1942) (as a result of unrecorded oral motion, "within a very brief time neither the adverse parties nor the court will be able to tell what took place").

The second function is satisfied when the oral motion has some connection to the trial or the matter set for hearing. This connection has been described in various fashions. *See IBM v. Edelstein,* 526 F.2d 37, 47 (2d Cir.1975) (oral motions at trial permissible if "obviously necessary to expedite" the proceeding) (quoting 2A J. Moore, *Moore's Federal Practice* ¶ 7.05 (1974)); *Rauch v. United Instruments, Inc.,* 405 F.Supp. 435, 437 n. 2 (E.D.Pa.1975) (oral motion to dismiss permitted at hearing on motion to amend complaint because dismissal motion was not "so unrelated in substance or lacking in adequate notice that it would be improper for us to entertain it"); *Hammond–Knowlton v. Hartford–Connecticut Trust Co.,* 26 F.Supp. 292, 293 (D.Conn. 1939) (oral motions permitted if "incidental to the hearing itself").

We have no occasion to decide how close the relation must be between the oral motion and the matter set for hearing. Here, appellee had moved to transfer and orally moved to dismiss. Although the two motions differ, the judge approved the motion to dismiss because it would be more convenient to try the case in New York—the same factor he would have considered in a motion to transfer. The question is whether the additional factor (imposing conditions) makes the dismissal motion so dissimilar from the transfer motion as to require written notice. This is a matter in which the discretion and experience of the trial judge are paramount. We merely note that the better practice is to require motions to be filed in writing whenever possible, or at least to permit briefing on oral motions before ruling on them, unless the circumstances require immediate action.

III. CONCLUSION

The district court's grant of an unconditional voluntary dismissal is reversed and remanded for a consideration of the propriety of requiring attorneys' fees as a condition of the dismissal. If the court on remand determines that such a condition is appropriate, the amount of the award should reflect only work that will not be usable in the New York action.

*So ordered.*