Eileen THOUBBORON,
et al., Appellants,

v.

FORD MOTOR COMPANY, Appellee.

No. 91–CV–1422.

District of Columbia Court of Appeals.

Submitted Feb. 2, 1993.
Decided May 17, 1993.

---

Beverly C. Moore, Jr. and Sandra Benson Brantley, Washington, DC, filed a brief, for appellants.

Carl R. Schenker, Jr., William T. Coleman, Jr., Richard C. Warmer, and John H. Beisner, Washington, DC, filed a brief, for appellee.

Before STEADMAN, SCHWELB and SULLIVAN, Associate Judges.

SCHWELB, Associate Judge.

On September 17, 1991, the trial judge granted defendant Ford Motor Company's motion to dismiss as time-barred, with prejudice, all individual and class claims in a product liability action brought by thirty-three owners of Ford automobiles (the owners). The judge then denied as moot the owners' motion, filed pursuant to Super.Ct.Civ.R. 41(a)(2), to dismiss without prejudice their individual claims (but not their class claims). On appeal, the owners contend that the trial judge abused his discretion by dismissing their individual claims with prejudice rather than without prejudice. We vacate the judgment and remand for further proceedings.[1]

## I.

This dispute has been around a while. On August 21, 1981, almost twelve years ago, John F. (Jack) Walsh and 103 other owners of Ford automobiles (the *Walsh* plaintiffs) filed suit against Ford in the United States District Court. They alleged that faulty transmissions in certain Ford models caused the vehicles to shift gears unexpectedly from "park" to "reverse," and that Ford had breached its written and implied warranties with respect to these transmissions.

The *Walsh* case had a long and checkered history. *See Walsh v. Ford Motor Co.,* 130 F.R.D. 260, 263, 277 (D.D.C.1990) (*Walsh I*). All told, it generated more than a dozen reported decisions in the federal district court and in the United States Court of Appeals. Dissatisfied with the trial court's disposition in March, 1990, of certain class action issues, *Walsh I, supra,* counsel for the *Walsh* plaintiffs filed a notice of appeal in the United States Court of Appeals. That appeal was dismissed, however, because Walsh, the sole named appellant, had settled with Ford and had signed a complete release. *Walsh v. Ford Motor Co.,* 292 U.S.App.D.C. 32, 945 F.2d 1188 (1991) (*Walsh II*).[2]

On February 6, 1991, while the appeal in *Walsh* was still pending, counsel in *Walsh* filed the instant suit against Ford in the Superior Court on behalf of Eileen Thoubboron and thirty-three other Ford owners,

---

**1.** The owners also ask us to "strike" from the judge's order language which they characterize as incorrect and as "dictum." This position is not well taken, for like the Supreme Court, "this [c]ourt reviews judgments, not opinions...." *Chevron, U.S.A., Inc. v. N.R.D.C., Inc.,* 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). In any event, this decision vacates the order appealed from, and we need not and do not decide whether the passage complained of was dictum or whether it was correct or incorrect.

**2.** The court held that the designation of the appealing parties in the notice of appeal as John F. "Jack" Walsh *et al.* did not adequately specify the party or parties, other than Walsh, who were attempting to appeal. *Walsh II, supra,* 292 U.S.App.D.C. at 36, 945 F.2d at 1192.

all of whom were among the plaintiffs in *Walsh.* All of the claims of the *Thoubboron* plaintiffs related to events which had occurred more than a decade earlier, but the plaintiffs apparently believed that the filing of their suit in *Walsh* had tolled the statute of limitations. On March 4, 1991, Ford filed a motion to dismiss the complaint as time-barred. *See* D.C.Code § 28:2–725 (1991) (four-year statute of limitations). Ford relied on our decision in *Bond v. Serano,* 566 A.2d 47 (D.C.1989) (per curiam), in which we declined, in the absence of statutory authorization, to impose a tolling exception to the statute of limitations by judicial *fiat. Accord, Curtis v. Aluminum Ass'n.,* 607 A.2d 509 (D.C. 1992) (per curiam); *Namerdy v. General-car,* 217 A.2d 109, 113 (D.C.1966). On March 18, 1991, the owners countered with a motion pursuant to Rule 41(a)(2) to dismiss their individual claims (but not their class claims) without prejudice.

On September 17, 1991, the trial court granted Ford's motion on the authority of *Bond, supra,* noting that *"Bond* represents an unwillingness by our Court of Appeals to create judicially an exception to the statute of limitations, where no such exception has been enacted by the legislature." Relying on *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974), the judge also dismissed the owners' class claims with prejudice. The judge disposed summarily of the owners' motion for voluntary dismissal:

> Despite some discrepancy in the moving papers regarding the basis for their motion, plaintiffs moved to voluntarily dismiss the individual but not the class claims of the named plaintiffs, pursuant to Super.Ct.Civ.R. 41(a)(2). In so doing, plaintiffs requested the court not to act on the motion before a specified date in order to enable the plaintiffs to file an action in another jurisdiction.

In view of the granting of defendant's motion to dismiss, both the individual and class claims stand dismissed. Plaintiffs' motion is thus moot.

This appeal followed.

## II.

The Ford owners contend that the trial judge should not have dismissed their action with prejudice. They ask us to direct the judge, instead, to dismiss the individual claims without prejudice pursuant to Super.Ct.Civ.R. 41(a)(2), which provides in pertinent part that

> [e]xcept as provided in paragraph (1) of this subdivision of this Rule,[3] an action shall not be dismissed at the plaintiff's instance save upon order of the Court and upon such terms and conditions as the Court deems proper.

■ "Action taken by the trial court on a motion for voluntary dismissal under Super.Ct.Civ.R. 41(a)(2) is discretionary." *D.C. Rent–A–Car Co. v. Cochran,* 463 A.2d 696, 698 (D.C.1983). That discretion must, however, be exercised in conformity with correct legal principles. *In re J.D.C.,* 594 A.2d 70, 75 (D.C.1991). In the exercise of its discretion on such a motion,

> [t]he court's inquiry primarily concerns whether the defendant will be subjected to legal prejudice by the allowance. It is not enough that he may be forced to suffer the incidental annoyance of a second suit in another forum. To compel a favorable ruling the defendant must show a real and substantial detriment.

*Cochran, supra,* 463 A.2d at 698 (quoting *D.C. Transit System, Inc. v. Franklin,* 167 A.2d 357, 358–59 (D.C.1961)); *see also* 9 CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2364, at 165 (1971 & Supp.1992) ("dismissal should be allowed unless the defendant will

---

**3.** Except in the case of a class action, (Rule 23(e)), or of the appointment of a receiver (Rule 66), or where an applicable statute otherwise provides, Rule 41(a)(1) authorizes the plaintiff to dismiss an action without leave of court at any time prior to service by the defendant of an answer or a motion for a summary judgment. At the time the owners sought a voluntary dismissal, no answer or motion for summary judgment had been filed. The owners assert that they did not invoke Rule 41(a)(1) because they had requested class relief, and also because they wanted the dismissal deferred until after they had filed a suit in another jurisdiction in which they repeated the allegations of the *Thoubboron* complaint.

**1214**

suffer some plain legal prejudice other than the mere prospect of a second lawsuit").

▮ Moreover,

[i]t is not a bar to dismissal that plaintiff may obtain some tactical advantage thereby. *Dismissal has been allowed to permit plaintiff to sue in a forum where the statute of limitations has not run.*

9 WRIGHT & MILLER, *supra,* § 2364, at 165–66 (emphasis added; footnotes omitted); *see also Klar v. Firestone Tire & Rubber Co.,* 14 F.R.D. 176, 176–77 (S.D.N.Y.1953) (granting plaintiff's motion to dismiss suit in New York so that he may sue in Ohio in order to avoid New York statute of limitations, but requiring plaintiff to compensate defendant for latter's costs and counsel fees). A voluntary dismissal sought in good faith should ordinarily be granted if the only harm suffered by the defendant is the expense of preparing a responsive pleading, for the defendant can be made whole if dismissal without prejudice is conditioned upon payment by the plaintiff of the defendant's costs and counsel fees. *Conafay v. Wyeth Labs,* 253 U.S.App.D.C. 279, 282, 793 F.2d 350, 353 (1986). Dismissal with prejudice, on the other hand, terminates plaintiff's rights once and for all. It is a "drastic remedy and should be granted sparingly." *Hackney v. Sheeskin,* 503 A.2d 1249, 1253 (D.C.1986) (citation omitted).

▮ In order to facilitate judicial review and to ensure that the trial court's discretion has been judiciously exercised, a trial judge who denies a motion for voluntary dismissal may be called upon to explicate his or her reasons for doing so, at least where the consequence of that denial is likely to be a definitive resolution of the action against the movant. *See Conafay, supra,* 253 U.S.App.D.C. at 282–83, 793 F.2d at 353–54. In *Conafay,* Judge Starr indicated for the court that "[a] statement of reasons is essential when the basis for the discretionary determination of the District Court cannot be inferred from the record with reasonable certainty." *Id.* at 283, 793 F.2d at 354 (citations and internal quotation marks omitted).

▮ In the present case, the trial judge's sole articulated reason for denying the Ford owners' motion for voluntary dismissal was that, in light of his dismissal of the complaint with prejudice at Ford's request, the Rule 41(a)(2) motion was moot. Although this explanation is technically correct, we think it essentially begs the question. The judge had before him both the motion of the Ford owners seeking dismissal without prejudice and Ford's motion to dismiss the complaint with prejudice. The owners' motion became moot only because the judge decided Ford's motion first, a consideration which ought not to be decisive.[4]

▮ Since the order in which the two motions were to be considered was potentially decisive as to the result—indeed, it may well have been dispositive in this instance—the discretion which the judge was called upon to exercise related largely to which motion he should consider first. The judge provided no explanation in his written order of the sequence in which he took up the motions before him. His election to proceed first with Ford's motion effectively mooted the owners' Rule 41(a)(2) motion. Further elaboration of the judge's reasoning is therefore necessary to facilitate appellate review.[5]

4. Ford's filing of its motion two weeks before the owners responded with their own motion does not, standing alone, justify mooting the owners' motion before the judge considered it on its merits. The rule of "first come—first served" may not be permitted to convert what should be an orderly process for determining the issues into a "sporting theory of justice," to be decided by a race to the clerk's office or other "jockeying for position" by counsel. *See Caldwell–Clements, Inc. v. McGraw–Hill Pub. Co., Inc.,* 11 F.R.D. 156, 158 (S.D.N.Y.1951) (sequence of discovery should not depend on who files first); 8 WRIGHT & MILLER, *supra* § 2045, at 314–15; *cf. In re B.B.R.,* 566 A.2d 1032, 1041–42 (D.C.1989) (concurring opinion).

5. Ford contends that the judge could not grant the owners' motion because, if he had dismissed their individual claims, the class claims would not have survived. *See O'Shea, supra,* 414 U.S. at 494. We are not persuaded by this argument. The judge was free to grant the relief prayed for and let the chips fall where they may. We note

## III.

The owners have assured this court in their brief that they do not propose to refile their claims in the District of Columbia. They readily acknowledge that the request that their individual claims be voluntarily dismissed, rather than dismissed with prejudice, was made solely in order to protect their complaints in Pennsylvania[6] and Illinois.[7] According to the owners, "Ford has already indicated that it will invoke the *Thoubboron* dismissals with prejudice as *res judicata* against the 17 of these plaintiffs who timely refiled in *Portwood* within one year of their *Walsh* dismissals under Ill.Ann.Stat. § 110 ¶ 13–217." Ford's response—an understandable one in the context of adversarial litigation—is that

> [i]f the strategy pursued by plaintiffs in the proceedings below has led to undesirable consequences for their attempts to litigate in other jurisdictions, that cannot be rectified by appealing to this court.

In the present case, we are confronted with the reality that the label which the District of Columbia courts ultimately put on the disposition of the owners' individual claims—involuntary dismissal with prejudice or voluntary dismissal without prejudice—may determine whether the owners will ever have an opportunity to present their substantive contentions to any court whatsoever. Although this prospect is the result of the owners' own election to file suit in a jurisdiction where their claims are time-barred, we have stated that "[o]ur Rules, like the Federal Rules of Civil Procedure, 'reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome.'" *Goodman v. District of Columbia Rental Hous. Comm'n*, 573 A.2d 1293, 1300 (D.C. 1990) (quoting *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)).

In general, in determining whether an action is barred by *res judicata*, "the court must decide whether the issues of law and fact in the two cases are the same, and if they are not it is not bound by the earlier decision." *Triplett v. Lowell*, 297 U.S. 638, 648, 56 S.Ct. 645, 650, 80 L.Ed. 949 (1936); *accord, Pappas v. Courembis*, 82 A.2d 757, 759 (D.C.1951); *Paine & Williams Co. v. Baldwin Rubber Co.*, 113 F.2d 840, 843 (6th Cir.1940). In granting Ford's motion to dismiss with prejudice, the trial court decided only that, in the absence of a tolling statute, the owners' complaint in the District was time-barred under District of Columbia law. Since District of Columbia law does not govern the timeliness of actions in Pennsylvania or Illinois, the issues in the present litigation differ from those in the cases in other jurisdictions, and the principles of *res judicata* appear at first blush to be inapplicable.

Appearances, however, may be deceptive. Rule 41(b) of the Federal Rules of Civil Procedure provides that, unless the court otherwise specifies,

> a dismissal under this subdivision ... other than a dismissal for lack of jurisdiction, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.[8]

The statute of limitations is not among the enumerated exceptions, and Rule 41(b) has therefore been construed to mean that dismissal of a complaint on statute of limitation grounds in one federal forum precludes the institution of a subsequent action in a second forum, even if the second action would not be time-barred under the law of the second forum. *See, e.g., Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128–29 (10th Cir.1991) (per curiam) *cert. denied*, ── U.S. ──, 112 S.Ct. 407, 116 L.Ed.2d 355 (1991); *Shoup v. Bell & How-*

---

that the trial judge did not mention the theory now advanced by Ford when he denied the owners' motion.

6. *Doutt v. Ford Motor Co.*, No. 212 (Pa.Ct. of Common Pleas Philadelphia Co., filed April 1, 1991).

7. *Portwood v. Ford Motor Co.*, No. 91 CH 4442 (Ill.Cir.Ct. Cook Co., filed May 14, 1991).

8. Super.Ct.Civ.R. 41(b) differs in some respects from its federal counterpart, but these differences are of no consequence for purposes of the issues here presented.

*ell Co.*, 872 F.2d 1178, 1180–82 (4th Cir. 1989); *but cf.* Judge Murnaghan's thoughtful dissenting opinion in *Shoup, id.* at 1182–87.[9]

Whether the dismissal of *Thoubboron* with prejudice as time-barred would defeat the *Thoubboron* plaintiffs' claims in *Doutt* and *Portwood* is a question to be resolved by the courts of Pennsylvania and Illinois respectively, in conformity with the applicable choice of law considerations.[10] It is not our function here to attempt to predict in advance the decisions of courts of other jurisdictions, and we are not disposed to do so. It appears to be undisputed, however, that contentions regarding claim preclusion are being advanced by Ford, and that these contentions are dependent upon the dismissal of the *Thoubboron* plaintiffs' individual claims with prejudice; dismissal without prejudice, by definition, does not bar a subsequent suit. This means that the words "with prejudice" in the trial judge's disposition could result in the demise of the owners' litigation in Pennsylvania and Illinois without any court ever having an opportunity to decide whether Ford is or is not in breach of its warranties.

 This jurisdiction has long adhered to a strong judicial policy in favor of trial on the merits. *See, e.g., Dunn v. Profitt,* 408 A.2d 991, 993 (D.C.1979) (per curiam). We reiterated that policy just a few weeks ago. *Ouriaghli v. Moore,* 621 A.2d 392, 394 (D.C.1993). The interest recognized in *Dunn* and reaffirmed in *Ouriaghli* may be implicated in this case. So far as we can discern, however, it was not a part of the trial judge's calculus.

Accordingly, we must remand the case to the trial court for further proceedings. Whether the judge ultimately dismisses the owners' individual claims with or without prejudice remains a matter confided to his sound discretion. We do not ordain the ultimate result.[11] We direct only that the judge give appropriate consideration to the authorities discussed in this opinion and identify any legally cognizable prejudice which Ford would suffer if the owners' motion for voluntary dismissal were granted. The judge should also articulate his basis for determining which of the two motions he has elected to address first.

### IV.

For the foregoing reasons, the judgment is vacated, and the case is remanded to the trial court for further proceedings consistent with this opinion.[12]

*So ordered.*

---

9. Prior to the adoption of Rule 41(b), the courts held that a judgment dismissing a complaint as time-barred affected only the remedy and not the right, and did not bar a subsequent action in a different forum. *See, e.g., Warner v. Buffalo Drydock Co.,* 67 F.2d 540, 541–43 (2d Cir.1933), *cert. denied,* 291 U.S. 678, 54 S.Ct. 529, 78 L.Ed. 1066 (1934). The continued vitality of cases such as *Warner,* at least in the federal courts, is at best precarious. *See Bertha Building Corp. v. National Theatres Corp.,* 248 F.2d 833, 840 (2d Cir.1957), (on rehearing) (per curiam), *cert. denied,* 356 U.S. 936, 78 S.Ct. 777, 2 L.Ed.2d 811 (1958). In *Murphy, supra,* 935 F.2d at 1128 n. 2, the United States Court of Appeals for the Fourth Circuit, en banc, overruled Fourth Circuit precedent consistent with *Warner, supra.*

10. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 95 (1971) ("What issues are determined by a valid judgment is determined, subject to constitutional limitations, by the local law of the State where the judgment was rendered.").

11. We cannot determine whether the judge's reasons for dismissing with prejudice outweigh the considerations articulated in this opinion until those reasons have been identified. We do note that in *Murphy, supra,* 935 F.2d at 1127, the court in which the plaintiff initially filed declined, as did the trial court here, to characterize its dismissal of the time-barred complaint as being without prejudice.

12. In the event that the judge determines on remand that the dismissal of the complaint should be without prejudice, he may of course impose reasonable conditions, *e.g.,* that the plaintiffs shall not refile in the District of Columbia, and that they shall compensate the defendant for its costs and counsel fees incurred in defending against what has turned out to be the plaintiffs' improvident foray into the courts of this jurisdiction. *See* Super.Ct.Civ.R. 41(a)(2); *Conafay, supra,* 253 U.S.App.D.C. at 282, 793 F.2d at 353.