**In re Mary CALOMIRIS, Appellant.**

No. 09–PR–879.

District of Columbia Court of Appeals.

Argued April 27, 2010.
Decided Aug. 26, 2010.

---

Michael F. Curtin, Washington, DC, with whom John D. Ward, Stephen J. O'Connor, S. Scott Morrison, Nicole Lynn Kobrine, and Daniel C. Spurlock, Washington, DC, were on the brief, for appellant.

Seth A. Rosenthal, with whom Brian L. Schwalb, Meredith Boylan, Steven P. Hollman, Washington, DC, and Jeffrey Pariser were on the brief, for appellee.

Before RUIZ, KRAMER, and BLACKBURNE–RIGSBY, Associate Judges.

KRAMER, Associate Judge:

This case arises from a family dispute among siblings about the care and financial management of their incapacitated mother. Three siblings initiated intervention proceedings against their brother George, who is designated as their mother's attorney-in-fact, out of concern that George was not acting in their mother's best interests. The siblings petitioned the court to appoint a neutral, third-party conservator and guardian in lieu of, or possibly in addition to, George. After several months of litigation, the siblings moved for voluntary dismissal of the case because George had improved the care of their mother and their goals had thus been achieved. George, the defendant below, appealed to prevent repetitive litigation and to recover costs and attorneys' fees.[1] We conclude that the trial court did not abuse its discretion in dismissing the case, but that it did abuse its discretion in failing to explain its decision to deny George full or partial costs and attorneys' fees incurred. Thus, we affirm in part and remand in part.

## I. Factual Background

Mary Calomiris is an eighty-eight-year-old woman suffering from advanced dementia. In 2006, Mrs. Calomiris asked her son George to be her attorney-in-fact. She executed a General Power of Attorney ("POA") on March 1, 2006, and a Health Care Power of Attorney on September 6, 2006. In October of 2008, George's siblings, Kathy Tompros, Jenifer Calomiris, and Charles Calomiris ("the siblings"), brought suit pursuant to the District of Columbia Guardianship Protective Proceedings and Durable Power of Attorney Act ("the Act") to appoint a conservator and guardian for Mary in lieu of, or possibly in addition to, George, alleging that he was not taking proper care of their mother or her finances. All parties agree that, at this time, Mary cannot make decisions or care for herself, and is thus incapacitated for the purposes of the Act.[2] The parties

---

1. Mary Calomiris is also a nominal appellant. All parties agree that she is now incapacitated, so this opinion refers to George as the sole appellant.

2. D.C.Code § 21–2011 defines incapacitated individual as:

[A]n adult whose ability to receive and evaluate information effectively or to communicate decisions is impaired to such an extent that he or she lacks the capacity to manage all or some of his or her financial resources or to meet all or some essential requirements for his or her physical health, safety, habilitation, or therapeutic needs without

disagree, however, about whether Mary was competent at the time she signed over her power of attorney to George and about whether George, as guardian and conservator for Mary, has acted in her best interests since that time.

The siblings asked the court to appoint a visitor and an examiner to evaluate Mary and her living conditions.[3] The court granted this request and Mary was visited by the examiner on November 10, 2008, and by the visitor on November 7 and 11, 2008. Both reported inadequate living conditions. On December 10, 2008, the siblings filed a supplement to their original petition seeking to have a guardian appointed for Mary, as recommended by the visitor and the examiner.

At an initial hearing on December 2, 2008, Judge Winston ruled that the proceedings would involve two issues: (1) whether the POAs were valid, i.e., whether Mary was competent at the time she signed them, and (2) whether the court should appoint a guardian/conservator to manage Mary's care and finances in lieu of, or in addition to, George. The judge also ordered limited discovery on the issue of Mary's competency to execute the POAs. Subsequently, she bifurcated the two issues into separate proceedings, and scheduled a hearing on the validity of the POAs for March 23, 2009. Appellees responded by filing a praecipe in which they offered to move directly to the issue of Mary's best interests, in other words, to forego their challenge to the validity of the POAs, in order "to save the time and expense required to try issues that are not dispositive of the Petition...." In response, George filed a Motion for Partial

Summary Judgment seeking judgment on the validity of the POAs, arguing that the appellee siblings conceded in their praecipe that the validity of the POAs did not involve any "material facts in question." Judge Winston disagreed that appellees' praecipe was a concession and denied George's motion, holding that "the issue of Ms. Calomiris'[s] capacity to enter into the Powers of Attorney is a material fact still in dispute" which "cannot be circumvented."

On May 14, 2009, the appellee siblings filed a Motion to Dismiss without prejudice, explaining that George had made a number of improvements in the care of their mother "as a result of the filing of the Petition," and that "[i]n light of the improvements in Mrs. Calomiris'[s] care—improvements that now appear to be permanent—Petitioners have accomplished much of what they hoped to accomplish ..., and do not wish to expend the substantial resources needed to continue to prosecute the petition." The judge granted the motion for voluntary dismissal without prejudice and did not impose terms or conditions. George filed a motion to amend the judgment, urging the trial court to require appellees to reimburse him for a portion of his costs and attorney fees. This motion was denied without any explanation, and George appealed.

## II. Legal Analysis

### A. The Denial of George's Motion for Partial Summary Judgment is Not Appealable

George asks us to review the trial court's denial of his motion for partial

court-ordered assistance or the appointment of a guardian or conservator.

**3.** D.C.Code § 21–2054 provides, in relevant part, that: "If an examiner and a visitor are appointed for an individual, the examiner and

visitor shall be separate persons.... The court may utilize the services of additional visitors to evaluate the condition of the allegedly incapacitated individual and to make appropriate recommendations to the court."

summary judgment on the issue of the legal sufficiency and enforceability of the two Power of Attorney documents. Appellees argue that a denial of partial summary judgment is not appealable after a voluntary dismissal. While "[t]he denial of a motion for summary judgment is usually not reviewable on appeal, as it is not a final judgment,"[4] the denial of a motion for partial summary judgment is uniquely appealable in conservatorship cases pursuant to the Act.[5] Nonetheless, we agree with appellees that their voluntary dismissal of this case rendered the denial of the motion for partial summary judgment moot. We have held that "dismissal with-

out prejudice renders the proceeding a nullity and leaves the parties as if the action had never been brought."[6] Thus, the denial of George's motion for partial summary judgment will not have preclusive effect on future litigation and we lack jurisdiction to review it.[7]

## B. Voluntary Dismissal without Prejudice

### 1. Decision to Grant Voluntary Dismissal without Prejudice [8]

■■■ A trial court's decision to permit a voluntary dismissal pursuant to Super. Ct. Civ. R. 41(a)(2)[9] is reviewed for an

---

4. *Wagner v. Georgetown Univ. Med. Ctr.*, 768 A.2d 546, 559 (D.C.2001).

5. D.C.Code § 11–721(a)(2)(B) (2001) explicitly grants us jurisdiction over interlocutory appeals, such as motions for partial summary judgment, in guardianship and conservator proceedings:

> The District of Columbia Court of Appeals has jurisdiction from … interlocutory orders of the Superior Court of the District of Columbia … appointing receivers, guardians, or conservators or refusing to wind up receiverships, guardianships, or the administration of conservators *or to take steps to accomplish the purpose thereof* …. (emphasis added)

6. *Thoubboron v. Ford Motor Co.*, 809 A.2d 1204, 1210 (D.C.2002) (hereinafter *Thoubboron II*). *See also* 11 A.L.R.2d 1407 (2009) (collecting cases; "The general rule is that in the absence of statute, where the answer seeks no affirmative relief, a dismissal, discontinuance, or nonsuit leaves the situation as if the suit had never been filed and carries down with it previous rulings and orders in the case."); *Tur v. YouTube, Inc.*, No. 07–56683, 2009 U.S.App. LEXIS 8237, at *4 (9th Cir. Mar. 5, 2009) ("A dismissal without prejudice … leaves the parties where they would have stood had the lawsuit never been brought…. [A]n issue is moot when deciding it would have no effect within the confines of the case itself.") (internal quotation marks and citation omitted).

7. *See Helenthal v. Lathrop & Gage, L.C.*, 272 S.W.3d 302 (Mo.App.2008) (where plaintiff

voluntarily dismissed case, "a decision regarding the denial of summary judgment as to those claims is unnecessary, would not grant effectual relief to the parties, and could not have any practical effect upon any existing controversy"); *Tur, supra* note 6, 2009 U.S.App. LEXIS 8237, at *3 ("Mootness is jurisdictional. It is circular to argue that a case is live because resolving it may produce a preclusive effect, because it may produce such a preclusive effect only if it is live.").

8. George argues that Super. Ct. Civ. R. 41(a)(2) is inapposite in this probate matter because the relevant Probate Rules supersede R. 41. We disagree. D.C.Code § 21–2022, part of the Act, states: "Unless specifically provided to the contrary in this chapter or inconsistent with its provisions, the rules of the court … govern proceedings under this chapter." Moreover, Probate Rule 1(f) similarly provides that "[e]xcept where inconsistent with the provisions of the Probate Division Rules … the Superior Court Rules of Civil Procedure are applicable to the proceedings in the Probate Division." There is nothing in the Act or in the Probate Division Rules that "specifically provide[s] to the contrary" or conflicts with R. 41(a)(2).

9. Sup.Ct. Civ. R. 41(a)(2), in relevant part, provides:

> [A]n action shall not be dismissed at the plaintiff's instance save upon order of the Court and upon such terms and conditions as the Court deems proper. If a counter-

abuse of discretion.[10] "Dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."[11] Indeed, "[t]o compel a favorable ruling the defendant must show a real and substantial detriment."[12] To determine whether the defendant will endure legal prejudice, i.e., a real and substantial detriment, we consider the defendant's effort and expense in trial preparation, any excessive delay or lack of diligence in prosecution of the action on the part of the plaintiffs, the sufficiency of the plaintiff's explanation for moving for dismissal, and the stage of the litigation, specifically whether a motion for summary judgment was pending.[13] Because George did not suffer legal prejudice as a result of the trial court's dismissal of this case, we hold that the trial judge did not abuse her discretion.

George's strongest argument of legal prejudice is his contention that appellees will simply file this case again.[14] We have explicitly held, however, that "the incidental annoyance of a second suit" is not enough to prove prejudice.[15] With regard to the second factor, George has incurred expenses in defense of this suit, but "the fact that the defendant may have incurred substantial expense prior to dismissal does not amount to legal prejudice."[16] The substantial expense incurred by George is mitigated by the fact that his trial preparation efforts will likely benefit him in future litigation, including his current suit in Superior Court.[17] Rule 41(a)(2) also provides for mitigation of this factor by permitting the trial judge to award the defendant costs and attorneys' fees when granting a voluntary dismissal. Indeed, such an award is customary.[18]

claim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the Court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

**10.** *Thoubboron II, supra* note 6, 809 A.2d at 1211 n. 8.

**11.** 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2364, at 165 (1971 & Supp.1992) (quoted in *Thoubboron v. Ford Motor Co.*, 624 A.2d 1210, 1213 (D.C. 1993) (hereinafter *Thoubboron I* )).

**12.** *Thoubboron I, supra* note 11, 624 A.2d at 1213.

**13.** *Independence Fed. Sav. Bank v. Bender*, 230 F.R.D. 11, 13 (D.D.C.2005). *See also Hisler v. Gallaudet Univ.*, 344 F.Supp.2d 29, 37 (D.D.C.2004); *Hubbard v. United States*, 545 F.Supp.2d 1, 8 (D.D.C.2008); *In re Vitamins Antitrust Litigation*, 198 F.R.D. 296, 304–6 (D.D.C.2000). "The federal cases are instructive because Superior Court Rule 41 is substantially identical to the corresponding federal rule and is to be construed in light of the

meaning of that federal rule." *Dorchester House Assocs. Ltd. P'ship v. District of Columbia Rental Housing Com'n.*, 913 A.2d 1260, 1265 (D.C.2006) (quotation marks and citations omitted).

**14.** George was correct that future litigation was likely. Indeed, a case is currently pending in the Superior Court between these parties. *Mary Calomiris v. Katherine Calomiris Tompros, et al.*, No. 2009 LIT 000024. Significantly, however, George filed this related action, not appellees.

**15.** *Thoubboron I, supra* note 11, 624 A.2d at 1213 (internal citation omitted).

**16.** *Hisler, supra* note 13, 344 F.Supp.2d at 37 (internal quotation marks and citations omitted).

**17.** *See* note 14, *supra*. *See also Hisler, supra* note 13, 344 F.Supp.2d at 37 ("[T]he diligence of the defendant does not necessarily lose all usefulness on dismissal ....much of the defendant's preparations will likely be useful in a potential second lawsuit.").

**18.** *See* Section B. 2., *infra*. *See also Thoubboron II, supra* note 6, 809 A.2d at 1211 n. 7.

George also fails to show that the appellees created excessive delay or demonstrated a lack of diligence, or that they presented an insufficient reason for dismissal. While appellees did cause the original hearing date to be cancelled by filing their praecipe, their effort to avoid litigation of one of the two contested issues was as likely to accelerate the proceedings as it was to cause delay. Appellees then moved to voluntarily dismiss the case because they recognized that George had already taken several significant steps to improve the care of their mother. The purpose of the Act is to promote the best interests of the incapacitated individual.[19] Appellees' explanation is thus not only sufficient, but it is the best possible reason for a dismissal of a conservator or guardianship probate matter in that it prioritizes the best interests of the incapacitated party.

Lastly, appellees did not file their motion at an unreasonably late stage in this litigation and we are unpersuaded by George's contention that appellees' motion to dismiss was an "improper attempt to evade a final judgment." "Most denials of voluntary dismissals are justified by the fact that . . . the parties were on the eve of trial," which is not the case here.[20] While appellees possibly were motivated by a desire to avoid litigating the validity of the POAs after the trial court concluded that this issue could not be circumvented, this is not a case where George had won beneficial rulings which the siblings might have wanted to eviscerate. Here, the trial judge denied George's motion for a partial summary judgment; thus, both parties presumably remained on relatively equal footing. George disputes this, arguing that the discovery produced up to the point of dismissal clearly supported his position and contending that appellees only moved for dismissal because the weight of the evidence was against them. This argument is a straw man because anything yielded by discovery in this case can, and likely will, be used in future litigation.

### 2. Failure to Impose Terms and Conditions or Amend Judgment

█ George contends that the trial court erred in failing to award him costs and attorneys' fees as a condition of the dismissal, and in failing to amend the dismissal to include such a condition after his Motion to Amend Judgment. We review both a trial court's decision to impose conditions on a dismissal and its decision on a motion to amend a judgment for abuse of discretion.[21] "Generally, courts condition the voluntary dismissal on the requirement that the plaintiff pay defendant's attorneys' fees and costs in order 'to compensate the defendant for the unnecessary expense that the litigation has caused' because 'the defendant may have to defend again at a later time and incur duplicative legal expenses.'"[22] Indeed, "such conditions should be imposed as a matter of course in most cases."[23] George claims to

---

19. See D.C.Code § 21–2043(b) ("the court shall appoint a guardian in accordance with the incapacitated individual's . . . wishes").

20. Vitamins, supra note 13, 198 F.R.D. at 305.

21. Thoubboron II, supra note 6, 809 A.2d at 1211 n. 8 ("We also defer to the trial court's determination as to the imposition of terms and conditions."). See also Nelson v. Allstate Ins. Co., 753 A.2d 1001, 1001 (D.C.2000) ("A decision to grant or deny a motion under Rule 59(e) is entrusted to the sound discretion of the trial court and may be reversed only for abuse of that discretion.") (internal citations omitted).

22. Thoubboron II, supra note 6, 809 A.2d at 1211 (quoting Cauley v. Wilson, 754 F.2d 769, 772 (7th Cir.1985)).

23. Id. at 1211 n. 7.

have incurred "hundreds of thousands of dollars in attorney fees." [24]

■ While we review for an abuse of discretion, "[a]ppellate deference is less warranted ... when the basis of the [lower] court's determination is unclear." [25] Where a trial court granted a motion for a voluntary dismissal but "did not explicitly rule on appellant's request [for conditions]," the Eleventh Circuit reversed and held: "We simply cannot properly evaluate the district court's exercise of its discretion in this regard without the benefit of some record of the factors it took into consideration in reaching its decision." [26] Similarly, here, where the judge failed to provide any explanation for her decision to not award costs and fees in granting voluntary dismissal or in denying appellants' motion to amend, we cannot determine whether the decision not to award costs and fees was a proper exercise of discretion. [27] Indeed, as George points out, we are unable to discern if the judge even considered the issue, "much less her reasons for rejecting the request." [28] We decline to surmise about the trial court's reasons by entertaining appellees' post-hoc arguments for why the refusal to award costs and fees

might have been proper here. [29] We remand for reconsideration and a fuller explanation of the decision to deny costs.

## IV. Conclusion

George Calomiris did not suffer prejudice when this case was dismissed at the request of appellees. Thus the trial court did not abuse its discretion in granting the dismissal without prejudice. The court did, however, abuse its discretion in failing to explain its decision to deny George full or partial costs and attorneys' fees incurred and we remand for an explanation of the judge's analysis on this issue.

*Affirmed in part, remanded in part.*

24. George alleges that these expenses "were incurred for work that cannot be applied were appellees to re-file their cause of action or challenge the POAs in another forum."

25. *Taragan v. Eli Lilly & Co.*, 267 U.S.App. D.C. 387, 389, 838 F.2d 1337, 1339 (D.C.Cir. 1988).

26. *McCants v. Ford Motor Co.*, 781 F.2d 855, 860 (11th Cir.1986) (quoted in *Taragan, supra* note 25, 838 F.2d at 1339).

27. *Taragan, supra* note 25, 267 U.S.App.D.C. at 389, 838 F.2d at 1339 (where the district court did not state its reasons for rejecting appellant's motion to condition the dismissal on the payment of attorneys' fees, the appellate court was "unable to determine whether the court considered appellant's request for

the fees condition, much less his reasons for rejecting that request," and the court remanded for "reconsideration and a fuller statement of reasons").

28. *Id.*

29. Appellees contend that costs and attorneys' fees should not be awarded in an intervention proceeding for the protection of an incapacitated individual because it is allegedly not self-interested litigation. *See, e.g., In re Guardianship of McGregory*, 193 P.3d 295 (Alaska 2008). In the alternative, appellees argue that George should not be awarded costs because the attorneys' work product will benefit him in subsequent litigation.