Harry R. **CONOVER**, Plaintiff–Appellee,

v.

**DEAN WITTER REYNOLDS, INC., and Brenton Ogden, Defendants–Appellants,**

and

**Sears, Roebuck & Co., Defendant.**

No. 85–6082.

United States Court of Appeals,
Ninth Circuit.

Jan. 21, 1988.

Eugene Bell, Kevin K. Fitzgerald, and Craig R. Bockman, Jones, Bell, Simpson & Abbott, Los Angeles, Cal., for defendants-appellants.

Gregory L. Dillion, Newmeyer Landrum & Dillion, Newport Beach, Cal., for plaintiff-appellee.

Before SCHROEDER, POOLE[*] and NORRIS, Circuit Judges.

PER CURIAM:

This matter is before us after remand by the United States Supreme Court, —— U.S. ——, 107 S.Ct. 3203, 96 L.Ed.2d 691 (1987). The Court vacated our opinion reported at 794 F.2d 520 (9th Cir.1986), for us to consider the case in light of *Shearson/American Express, Inc. v. McMahon*, —— U.S. ——, 107 S.Ct. 2332, 96 L.Ed.2d 185, *reh'g denied*, —— U.S. ——, 108 S.Ct. 31, 97 L.Ed.2d 819 (1987), holding disputes under § 10(b) of the Securities Exchange Act of 1934 arbitrable. In light of the Supreme Court's decision in *McMahon* we must hold that the arbitration agreement in this case is enforceable.

The only remaining question is whether the defendants waived their right to compel arbitration by waiting until 1985 to file their motion to compel arbitration in a suit originally filed in 1983. The district court held that there was a waiver, relying upon the principle that a party may waive its right to insist upon arbitration when it acts in a manner inconsistent with assertion of the right to arbitrate and causes the plaintiffs prejudice. *See Shinto Shipping Co., Ltd. v. Fibrex & Shipping Co., Inc.*, 572 F.2d 1328 (9th Cir.1978).

We must reverse. The delay in filing a motion to compel was not inconsistent conduct. An earlier motion to compel would have been futile. As we pointed out in our earlier opinion, in this and other circuits, the assumption was that section 10(b) claims were non-arbitrable. That was prior to the Supreme Court's decision in *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). *See Conover v. Dean Witter Reynolds, Inc.*, 794 F.2d 520, 521 (9th Cir.1986). It was quite understandable for the defendants to file their motion after the Supreme Court's decision in *Byrd* because defendants believed it treated the issue as an open one. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. at 215–16, 105 S.Ct. at 1240 n. 1 and 470 U.S. at 224–25, 105 S.Ct. at 1244 (White, J. concurring). Clearly those opinions spawned the conflicting circuit decisions which led to *McMahon*. *See* authorities cited in *McMahon*, 107 S.Ct. at 2337 n. 1. At least two other circuits ordered arbitration in cases where post-*Byrd* motions were filed a year or more after the pre-*Byrd* complaint. *Page v. Moseley, Hallgarten, Estabrook & Weeden, Inc.*, 806 F.2d 291 (1st Cir.1986); *Phillips v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 795 F.2d 1393 (8th Cir.1986)

The judgment of the district court is therefore REVERSED and the matter remanded for entry of an order granting the defendants' motion to compel arbitration.

---

[*] Judge Poole was drawn to replace Judge Solomon after Judge Solomon's death.