**Clarence A. HECKETHORN, Trustee of the Clarence A. Heckethorn Living Trust, Plaintiff,**

**and**

**Lionel, Sawyer & Collins, Appellant,**

**v.**

**SUNAN CORP., a Nevada corporation, et. al., Defendants–Appellees.**

No. 91–16532.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 1993.

Decided May 10, 1993.

As Amended July 2, 1993.

David N. Frederick, Lionel, Sawyer & Collins, Las Vegas, NV, for the appellant.

John W. Cotton, LeBoeuf, Lamb, Leiby & MacRae, Los Angeles, CA, for defendants-appellees.

Before PREGERSON, BOOCHEVER, and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

Lionel, Sawyer & Collins (LSC), former counsel for plaintiffs, challenges the district court's conditions to a voluntary dismissal order entered pursuant to Fed.R.Civ.P. 41(a)(2). Plaintiffs accepted the conditions.

The first condition required that LSC pay $12,000 in attorney's fees to Sunan Corporation (Sunan). LSC contends that the district court can neither condition a voluntary dismissal on former counsel's payment of attorney's fees when there is no independent stat-

utory basis, nor impose such condition when the voluntary dismissal was with prejudice. LSC contends the district court abused its discretion in imposing this condition on these facts, when the filing of the complaint was not frivolous and the factual allegations were confirmed by discovery.

LSC also challenges the district court's second condition which required LSC to submit to depositions to determine the factual basis for the suit.

We determine that both conditions were improperly imposed and we reverse.

## I

LSC's clients were minority shareholders of Las Vegas Sun, Inc. Sunan Corporation owned the majority of the outstanding Las Vegas Sun, Inc., shares. Sunan initiated a short-form merger of the Las Vegas Sun into Sunan. Under Nevada law, the merger procedure allowed Sunan to buy the minority shareholders' shares, subject to the minority shareholders' appraisal rights. Sunan offered $9 per share for the Las Vegas Sun shares held by minority shareholders.

LSC's clients, the minority shareholders, brought suit in state court, seeking an appraisal and made claims for breach of fiduciary duty and tortious breach of contract. Subsequently, LSC filed in district court, claiming that Sunan violated 15 U.S.C. 78j (which prohibits manipulative and deceptive devices in connection with the purchase or sale of securities), and made pendent state claims. Upon motion made by LSC, the minority shareholders dismissed the claims in state court except for the appraisal claim.

Because of a conflict of interest, LSC withdrew as counsel for the minority shareholders and was replaced by another firm, Jones, Jones, Close & Brown (JJCB). Initially, the district court denied Sunan's motion to dismiss and refused to stay the state court appraisal action. After discovery, JJCB on behalf of the minority shareholders moved to dismiss the action under Fed.R.Civ.P. 41(a)(2). After initially dismissing without prejudice, the court considered Sunan's objections and ordered dismissal with prejudice (as requested by the minority shareholders) on the condition that the minority sharehold-

ers and their attorneys pay Sunan's costs and attorney's fees. LSC and JJCB were also ordered to submit to depositions so that any lack of factual basis for the suit could be shown. Several key allegations about the value of the shares made in the complaint drafted by LSC may have been made without reasonable investigation and may have been beyond the knowledge of the minority shareholders.

Upon application of Sunan, the district court ordered LSC to pay $12,000 in fees. Sunan's counsel had requested over $253,000 but were awarded only $16,000, of which $12,000 was imposed on LSC. The basis of the fee was that LSC and JJCB's actions forced Sunan to spend time and money to no avail: the same claims were dismissed once in the state and again in this action. LSC was held responsible because "the LSC firm instituted this action and was thereby responsible for causing the initial expenditures including the motion to dismiss filed by defendants."

## II

■ We first address, sua sponte, whether we have jurisdiction over this appeal. *Unioil, Inc. v. E.F. Hutton & Co., Inc.,* 809 F.2d 548, 554 (9th Cir.1986). There is no question the Fed.R.Civ.P. 41(a)(2) order here was a final order. *Id.* at 554–55. Rather, the issue is whether the order is "adverse" to LSC. "To be appealable, an order must be adverse to the appealing party." *Id.* at 555. An order is adverse when it "creates sufficient prejudice in a legal sense." *Id.* (quoting *Coursen v. A.H. Robins Co.,* 764 F.2d 1329, 1342 (9th Cir.), *corrected,* 773 F.2d 1049 (9th Cir.1985)).

We held in *Unioil* that a "condition of costs and attorneys' fees" does not constitute "legal prejudice." *Unioil,* 809 F.2d at 556. Unlike in *Unioil,* where the district court conditioned a voluntary dismissal on "plaintiffs['] and/or their counsel['s]" reimbursement of defendants' fees, the monetary conditions here were imposed "solely upon counsel." *Id.* at 553, 556. LSC's conduct in filing a claim in two fora which was eventually dismissed in both fora motivated the imposi-

tion of the condition. Though the district court indicated its order was not punitive, the condition imposes a monetary obligation on LSC and so is equivalent to a sanction against LSC. *See Zambrano v. City of Tustin,* 885 F.2d 1473, 1475 n. 6 (9th Cir.1989) (determining jury fees assessed against counsel to be "sanction" though they were labelled "costs"). A district "court's imposition of sanctions is plainly adverse" to the sanctioned attorney. *Unioil,* 809 F.2d at 556.

### III

Fed.R.Civ.P. 41(a)(2) provides:

(2) By Order of Court. . . . [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

■ Whether a rule gives the district court the authority to sanction attorneys is reviewable de novo. *Westlake North Property Owners v. Thousand Oaks,* 915 F.2d 1301, 1304 (9th Cir.1990).

■ The threshold issue here is whether Fed.R.Civ.P. 41(a)(2) provides an independent base of authority for sanctioning lawyers. We conclude that it does not. We have noted, in *Zambrano,* "the federal courts cannot, absent specific statutory authority or one of the three enumerated exceptions listed by the Supreme Court, alter the uniform system of cost-bearing created by Congress." *Zambrano,* 885 F.2d at 1481. *See also International Video Corp. v. Ampex Corp.,* 484 F.2d 634, 637 (9th Cir.1973) ("an award of attorney's fees is ordinarily improper in the absence of a statute or under the most unusual circumstances"); *Healey v. Chelsea Resources, Ltd.,* 947 F.2d 611, 624 (2d Cir.1991) ("When a fee-shifting statute that authorizes the courts to award attorneys' [sic] fees to prevailing parties does not mention an award against the losing party's attorney, the appropriate inference is that an award against attorneys is not authorized."). We recognized in *Zambrano* that "Congress has not 'extended any roving authority to the [j]udiciary to allow counsel fees as costs or otherwise wherever the courts might deem them warranted.'" *Zambrano,* 885 F.2d at 1481 (citing *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 260, 95 S.Ct. 1612, 1623, 44 L.Ed.2d 141 (1975)).

Fed.R.Civ.P. 41(a)(2) in itself is not "specific statutory authority" for the imposition of sanctions against an attorney. There is no "explicit Congressional authorization" for the attorney sanctions. *Zambrano,* 885 F.2d at 1482; *Healey,* 947 F.2d at 624. *See also Harris v. Marsh,* 679 F.Supp. 1204, 1371 (E.D.N.C.1987) ("it is clear that Rule 41(a)(2) *alone* does not provide an independent basis for the imposition of fees"), *aff'd in part, rev'd in part,* 914 F.2d 525 (4th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1580, 113 L.Ed.2d 645 (1991). *Cf. Westlake,* 915 F.2d at 1304 (court reversed district court which had imposed sanctions under Fed.R.Civ.P. 71, holding that the rule did not "suggest . . . an independent basis for administering sanctions against an attorney"). Given the presumption that an attorney is generally not liable for fees unless that prospect is spelled out, it would be incongruous to conclude from the broad language of Fed.R.Civ.P. 41(a)(2) that an attorney could be sanctioned by authority of this rule alone.[1]

Nor was there another basis for the award of fees in this case. The district court explicitly denied reliance on the authority of Fed.R.Civ.P. 11 or 28 U.S.C. § 1927. Of the three exceptions to the American Rule set out in *Alyeska,* the only exception possibly applicable here is that concerning "bad faith or abusive litigation." *Zambrano,* 885 F.2d at 1481 n. 25, 1482. Not only was there no finding of bad faith or abusive litigation in the instant case, but the district court explicitly recognized that there was no basis on the record before it for use of its inherent powers. *Chambers v. Nasco, Inc.,* — U.S. —, 111 S.Ct. 2123, 2134, 115 L.Ed.2d 27 (1991); *Zambrano,* 885 F.2d at 1482.

Because we hold that Fed.R.Civ.P. 41(a)(2) does not provide a basis in itself for sanctioning attorneys, we need not decide the other

---

1. Sunan's reliance on our opinion in *Unioil, Inc. v. E.F. Hutton & Co., Inc.,* 809 F.2d 548 (9th Cir.1986), is misplaced. We did not address this issue in *Unioil* as we determined that we had no jurisdiction to review the district court's condition. *Id.* at 556.

issues raised by LSC, e.g. whether a district court can impose conditions under Fed. R.Civ.P. 41(a)(2) when the dismissal is with prejudice. *See Beard v. Sheet Metal Workers Union,* 908 F.2d 474, 477 n. 2 (9th Cir. 1990).

## IV

LSC also challenges the district court's order that LSC submit to depositions by Sunan in connection with a Fed.R.Civ.P. 11 motion by the defendants. At oral argument, counsel for Sunan represented that there was no pending motion for sanctions against LSC under Fed.R.Civ.P. 11. There is, accordingly, no basis for the district court's order that LSC submit to depositions on the issue.

The fee award against LSC is REVERSED. The district court's order that LSC submit to depositions is REVERSED.