8 F.3d 650
 27 Fed.R.Serv.3d 633
 Floyd KOCH; Janice Koch; William Lowe; Phyllis Lowe;
Colin Wong; Mark Burr; Suzanne Borges; Herman Duran;
Walter Hashimoto; Shoge Kimura; Hercules Fini; Damien
Chang; Ken Takeda; Bill Parrish; Ken Kemp; James Fong;
Yui Lee Fong; F. Allen Whitaker; Bob Lugg; Joe Kimura;
Beverly Chinn; Harold Chew; Ken Lee; Charles Di Bari;
Russell Di Bari; Richard Plasch; Eddon Duran; Rock Koch;
William J. Bace; Don Nusbaum; Warren J. Davis; Larry
Peterson; Barbara Peterson; George Riley; Harold Hester;
Patricia Hester; Jack Isaacs; Robert Chisholm; Forrest
Cioppa; Roy Fong; Alan Joe; Virginia Joe; Henry Nigro;
James Ford; James Chen; Robert Lee; James Lau; Morris
Fowler; Kalvin Hara; Kay Hara; Chris Hara; Frank Ducato;
Winston Yee; Allen Tusting; Marcia Tusting; Enrique
Agorio; Inger Agorio; Lilia Buck; Stephen Buck; Ue Ching
Ow; Pat Ow; Edward Chan; Pat Chan; Pak Tong Yee;
Marshall I. Rothstein; Francoise Rothstein; Tom Drake;
F.K. Chin; Sandra Chin; Hayden Evans; Arlene Evans;
Phillip Lucas; William Jagger; Delores Jagger; Howard
Schwat; Robert I. Longstreth; Barbara J. Longstreth;
Jerry Vonder Ahe; William Wong; Doreen Wong; Carl Chen;
Ben Hara; Helen Hara; Blair Anderson; John Dailley;
Sarah Dailley; Fred Drew; Ruth Drew; Terry Kessler;
Leland Smith; Helene Smith, Plaintiffs-Appellants,
v.
Edward J. HANKINS; Robert Chew; Beverly A. Chew; Rodney
Chew; Linda A. Chew; Audrey A. Hankins; Carla Patterson;
Terry J. Hankins; Bradley L. Hankins; Kerdie J. Hawks;
Dean K. Hawks; Rodlin Enterprises, Inc.; Carlon Properties
Inc.; Kean Financial Corp.; Buckingham Financial Corp.;
Sentinel Financial Corp.; Citadel Financial Corp.;
Johnson, Hankins, MacDonald, Kimball & Co.; Glenn
MacDonald; Richard Clews; Don Kimball; Maxus Management
Group, Defendants-Appellees.
 No. 92-15302.
 United States Court of Appeals,
Ninth Circuit.
 Submitted July 12, 1993*.
Decided Oct. 15, 1993.
 
 Edward S. Zusman, Wilson, Ryan & Campilongo, San Francisco, CA, for plaintiffs-appellants.
 Montie S. Day and Christine Papanicolaou, Day Law Corp., Oakland, CA, for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before: CHOY, HUG, and LEAVY, Circuit Judges.
 LEAVY, Circuit Judge:
 
 
 1
 Appellants voluntarily dismissed this action in the district court pursuant to Fed.R.Civ.P. 41(a)(2). They appeal the district court's order taxing $32,440.95 in costs against them. We reverse the district court's judgment and remand for findings as to which costs arose from the preparation of work product rendered useless by the dismissal of this action, and which resulted from the preparation of work product which may be useful in pending state court litigation between the parties.
 
 BACKGROUND
 
 2
 Appellants filed five actions, one in federal court and four in state court, arising from the allegedly fraudulent land transaction in Arizona. After remand from this court, see Koch v. Hankins, 928 F.2d 1471 (9th Cir.1991), defendants moved for summary judgment. Appellants then moved for voluntary dismissal without prejudice. The district court did not grant appellants' motion. Instead, it gave them the option of receiving a ruling on the defendants' pending motion for summary judgment (which it indicated it would grant thereby subjecting plaintiffs to attorneys fees and costs), or accepting a voluntary dismissal with prejudice to their federal claim and without prejudice to their state court litigation. The district court conditioned the latter option on the payment of costs.
 
 
 3
 The district court gave appellants one week to consider their options. At that time, two of plaintiffs' four state court cases were pending. After considering the district court's offer, appellants chose to seek voluntary dismissal as conditioned by the court. Defendants then filed the following bill of costs:
 
 
 4
 1. Fees for Service of Process (Deposition Service) $ 28.00
2. Fees for Depositions and Reporters 31,291.80
3. Fees for Witnesses 500.00
4. Fees for exemplifications and copies of Court Pleadings 334.30
 (certified) necessarily obtained for use in this case
5. Costs for one copy each of certain depositions and exhibits 621.15
 ----------
 TOTAL TAXABLE COSTS $32,775.25
 
 
 5
 (CR 404) (Citations omitted.) After a hearing, the district court allowed all of defendants' costs with the exception of costs for exemplifications and copies of court pleadings, resulting in an award of $32,440.95.
 
 DISCUSSION
 I. Standard of Review
 
 6
 Fed.R.Civ.P. 41(a)(2) provides in relevant part:
 
 
 7
 [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.
 
 
 8
 The district court's determination of the terms and conditions of dismissal under Fed.R.Civ.P. 41(a)(2) is reviewed for abuse of discretion. Stevedoring Servs. of America v. Armilla Int'l, 889 F.2d 919, 921 (9th Cir.1989).
 
 II. Analysis
 
 9
 Appellants contend that, where a plaintiff seeks voluntary dismissal in one forum to pursue pending litigation against the defendant in another forum, this circuit, "looking to the District of Columbia Circuit," requires that the district court review evidence, including documentation, showing that an award of costs consists of those expenses incurred solely on account of the federal action. In support of this proposition, appellants rely upon Judge Reinhardt's concurrence in Lau v. Glendora Unified Sch. Dist., 792 F.2d 929 (9th Cir.1986).
 
 
 10
 In his concurrence, Judge Reinhardt opined that
 
 
 11
 [w]here a plaintiff is granted a voluntary dismissal without prejudice to pursue a related action against the defendant in another forum, the defendant is not entitled to reimbursement of costs and legal fees incurred in preparing work product that may be useful in the continuing litigation.
 
 
 12
 Id. at 932. In support of this statement, Judge Reinhardt cited two D.C. Circuit opinions, GAF Corp. v. Transamerica Ins. Co., 665 F.2d 364, 365, 369-70 (D.C.Cir.1981) and McLaughlin v. Cheshire, 676 F.2d 855, 856-57 (D.C.Cir.1982). These are the cases to which, according to appellants, this circuit "looks."
 
 
 13
 Both GAF and McLaughlin stand for the proposition that a defendant is entitled only to recover, as a condition of dismissal under Fed.R.Civ.P. 41(a)(2), attorneys fees or costs for work which is not useful in continuing litigation between the parties. McLaughlin, 676 F.2d at 857; GAF, 665 F.2d at 369-70. See Taragan v. Eli Lilly and Co., 838 F.2d 1337, 1340 (D.C.Cir.1988). This rule has also been adopted by the Seventh Circuit. See Cauley v. Wilson, 754 F.2d 769, 771-73 (7th Cir.1985). Our circuit has not expressly adopted the rule in GAF, McLaughlin, or Cauley. We now do so.
 
 
 14
 The district court did not determine which costs arose from the preparation of work product which might be useful in the continuing litigation between the parties, and which costs arose from the preparation of work product rendered useless by the dismissal of appellants' federal action. Appellees' bill of costs sets forth lump sum amounts for such things as "Depositions and Reporters." It provides no basis for a finding as to whether the depositions were useful in the parties' continuing litigation. During the hearing on appellees' bill of costs, the district court specifically asked defense counsel whether the depositions were usable in appellants' state court actions. The response of appellees' counsel was equivocal, at best. The district court did not pursue the issue, choosing instead to award all of appellees' deposition costs "for the reasons" cited by appellants' counsel. While counsel's reasons were not necessarily irrelevant to the conditioning of the voluntary dismissal of appellants' action, none related to whether the depositions would be useful in the parties' continuing litigation.
 
 CONCLUSION
 
 15
 The district court abused its discretion in finding the amount of costs without differentiating between work product which was rendered useless and that which might be of use in the state litigation. Only those costs incurred for the preparation of work product rendered useless by the dismissal should be awarded as a condition of the voluntary dismissal. We therefore REVERSE and REMAND.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4