51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marjorie STURGIS, Plaintiff-Appellant,
v.
Jefferson K. LOGAN; E. Jeffrey Grube; Robert Moulton;
Mark Solomon, Defendant-Appellee.
Marjorie STURGIS, Plaintiff-Appellant,
v.
UNIVERSITY OF SOUTHERN CALIFORNIA, Administered by Employers
Insurance of Wausau; Jacobs and Solomon,
Defendants-Appellees.
 Nos. 94-56289, 94-56312.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 29, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Marjorie Sturgis appeals pro se the district court's dismissal with prejudice of her two actions pursuant to 42 U.S.C. Sec. 1983. In the first action (Sturgis I ), Sturgis alleged that her petition to reopen her workers' compensation case was denied due to a conspiracy by her former employer, the University of Southern California; the University's insurer, Employers Insurance of Wausau; the University's lawyers; and the Workers' Compensation Appeals Board of the State of California. In the second action (Sturgis II ), Sturgis alleged that the conduct of defense attorneys in Sturgis I constituted civil rights violations and defamation. Following Sturgis' failure to appear at a hearing in both actions and her failure to cooperate in the scheduling of a deposition in Sturgis I, the district court ordered her to show cause why both actions should not be dismissed. In her written response, Sturgis stated that the court "may dismiss" both actions. The district court proceeded to dismiss both actions with prejudice.
 
 
 3
 We reject the argument that Sturgis waived her right to appeal by consenting to dismissal. It is not clear from the record that Sturgis consented to dismissal with prejudice. We therefore cannot say that the dismissal with prejudice did not constitute an involuntary adverse judgment. Compare Seidman v. City of Beverly Hills, 785 F.2d 1447, 1448 (9th Cir.1986) (this court lacked jurisdiction where appellant agreed to dismiss the action with prejudice).
 
 
 4
 We conclude, nevertheless, that the district court did not abuse its discretion in dismissing both actions with prejudice. See Koch v. Hankins, 8 F.3d 650, 652 (9th Cir.1993) ("district court's determination of the terms and conditions of dismissal under Fed.R.Civ.P. 41(a)(2) [voluntary dismissal with court approval] is reviewed for abuse of discretion"); West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990) (dismissal for lack of prosecution reviewed for abuse of discretion). Sturgis failed to appear at a July 11, 1994 hearing on (1) an order to show cause why Sturgis I should not be dismissed for her failure to act in good faith,[1] and (2) a motion to dismiss Sturgis II pursuant to Fed.R.Civ.P. 12(b)(6). After Sturgis failed to appear, the district court issued another order to show cause in each action warning of dismissal. In both orders to show cause, the district court ordered Sturgis to explain her failure to appear at the July 11, 1994 hearing. In the order to show cause in Sturgis I, the district court ordered her to show cause, as well, for her non-cooperation in the scheduling of her deposition. In her response, Sturgis offered no excuse for her failure to appear at the July 11, 1994 hearing. In fact, she stated that the court may dismiss both actions. As to the deposition, Sturgis stated that she did not refuse to undergo depositions and that:
 
 
 5
 All of the defense attorneys were "pressing" to depose the Plaintiff under what appeared to be, and still appears to be, concerted, conspiratorial conditions and processes, and calculated to harass and intimidate whereas to force her to answer incriminatory questions under "color of law," and would have the effect of compelling the Plaintiff to be a witness against herself at time of trial.
 
 
 6
 In these circumstances, we cannot say that the district court abused its discretion in concluding that the public policy favoring disposition on the merits was outweighed by Sturgis' dilatory conduct, the court's need to manage its docket, the public's interest in expeditious resolution of litigation, the prejudice to the defendants from Sturgis' conduct, the warnings given to Sturgis, and Sturgis' request that the court dismiss her cases. See Hamilton v. Neptune Orient Lines, Ltd., 811 F.2d 498, 499 (9th Cir.1987) (setting forth factors the district court should consider before dismissing a case for failure to prosecute); Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986) (setting forth factors the district court should consider before dismissing for failure to comply with a court order).
 
 
 7
 Nor did the district court abuse its discretion in refusing to enter default judgments against the defendants because the district court could have had serious reservations about the merits of the complaints. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir.1986) (Defendants' failure to satisfy technical requirements does not mandate entry of default judgment; sufficiency of the complaint and the merits of plaintiffs' claims).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court issued the order to show cause based on Sturgis' having charged the court-appointed discovery referee with bias and having threatened to file a criminal complaint against the defendant and possibly the referee