91 F.3d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shirley Jones INGELS; Marty Ingels, Plaintiffs-Appellees,
v.
A. David HARRIS, Defendant-Appellant.
 No. 95-55960.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A. David Harris, a disbarred attorney, appeals pro se the district court's Fed.R.Civ.P. 41(a)(2) dismissal, without prejudice, of Shirley Jones Ingels' and Marty Ingels' ("the Ingels") action alleging fraud and numerous other civil causes of action. Harris has been convicted of defrauding the Ingels and is currently incarcerated. We have jurisdiction pursuant to 18 U.S.C. § 1291, and affirm.
 
 
 3
 Harris first contends that the district court abused its discretion by dismissing the action "without prejudice." This contention lacks merit.
 
 
 4
 "The district court's determination of the terms and conditions of dismissal under Fed.R.Civ.P. 41(a)(2) is reviewed for abuse of discretion." Koch v. Hankins, 8 F.3d 650, 652 (9th Cir.1993). "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2).
 
 
 5
 Here, the district court granted summary judgment for the Ingels on the issue of liability in their civil fraud action against Harris, but reserved the issue of damages for trial. The Ingels, understandably reluctant to pursue further litigation against an apparently judgment-proof defendant, moved for voluntary dismissal of the action pursuant to Fed.R.Civ.P. 41(a)(2). The district court granted this motion, ruling that Harris would not suffer any prejudice because the district court had already ruled against him on the issue of liability. We agree and affirm the district court's dismissal. Id.; Koch, 8 F.3d at 652.
 
 
 6
 Harris also appears to contend that the district court erred by refusing to allow him to invoke a contractual arbitration clause. This contention is without merit.
 
 
 7
 We review de novo the issue of waiver of arbitration. Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 693 (9th Cir.1986). "[A] party may waive its right to insist upon arbitration when it acts in a manner inconsistent with assertion of the right to arbitrate and causes the plaintiffs prejudice." Conover v. Dean Witter Reynolds, Inc., 837 F.2d 867, 868 (9th Cir.1988).
 
 
 8
 Here, Harris did not seek to invoke the arbitration clause until two years after litigation began. Moreover, during those two years, Harris filed numerous requests and documents with the district court, participated in discovery, and filed his own motion for summary judgment. Because Harris acted "in a manner inconsistent with assertion of the right to arbitrate" and because his action required the Ingels' to expend both time and money in pursuit of litigation, Harris waived his right to arbitration. See id.
 
 
 9
 On appeal, the Ingels request that sanctions be imposed against Harris for filing a frivolous appeal. See Fed.R.App.P. 38; 28 U.S.C. § 1912. Because Harris' appeal is wholly without merit, we impose sanctions in the form of attorney's fees in the amount of $1,500. See id. We admonish Harris that further frivolous filings will subject him to additional sanctions.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Harris' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3