R. SYFU, Plaintiff—Appellant,

v.

Ted COOKE; Curt Massey; Brian Fitzpatrick, Defendants— Appellees.

R. Syfu, Plaintiff—Appellee,

Franscell, Strickland, Roberts & Lawrence, Appellant,

v.

Ted Cooke; Curt Massey; Brian Fitzpatrick, Defendants— Appellants.

No. 01–56486, 01–56590.

D.C. No. CV–00–00497–GLT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2003.

Decided May 27, 2003.

---

Before SCHROEDER, Chief Judge, THOMPSON, and GRABER, Circuit Judges.

MEMORANDUM *

Appellant R. Syfu, the father of decedent Ryan Syfu ("Syfu"), appeals the district court's grant of summary judgment in this 42 U.S.C. § 1983 action. The appellant contends that the appellees, Culver City police officers, violated the Fourth and Fourteenth Amendments when they

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

shot and killed Ryan Syfu. We affirm the grant of summary judgment.

■ The district court properly concluded that the officers' use of deadly force did not constitute a Fourth Amendment violation. The facts here show that the officers had probable cause to believe that Syfu posed a threat of serious harm to themselves or others and that they reasonably believed such force was necessary to prevent his escape. *See Monroe v. City of Phoenix,* 248 F.3d 851, 861 (9th Cir.2001).

The officers had probable cause to believe that Syfu had shot a deliveryman at his apartment, and therefore posed a threat of serious harm. *See Forrett v. Richardson,* 112 F.3d 416, 420 (9th Cir. 1997), *overruled on other grounds by Chroma Lighting v. GTE Prods. Corp.,* 127 F.3d 1136 (9th Cir.1997). They received two radio calls describing the scene and saw Syfu walking away with a weapon.

It was also reasonable for the officers to believe that alternatives to deadly force would not protect the community or prevent further harm. *See Forrett,* 112 F.3d at 420–21. According to witnesses, Syfu was walking at an "accelerated pace" through a residential neighborhood, carrying a weapon, and did not comply with the officers' repeated commands to stop.

■ The officers also did not violate the appellant's substantive due process rights. They were responding to a situation that required them to act quickly, with little time to deliberate. The officers' conduct would be "conscience-shocking," and would constitute a substantive due process violation, only if they acted with the purpose of causing harm. *See Moreland v. Las Vegas Metro. Police Dep't,* 159 F.3d 365, 372 (9th Cir.1998). They did not. Rather, the police were faced with a dangerous situation, and the record shows that they acted only with the purpose of protecting themselves and the community. *See id.* at 373. Because there was no constitutional violation, the district court correctly determined that the defendants were entitled to qualified immunity. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

■ We also conclude that the district court properly granted summary judgment in favor of the Culver City police chief, Ted Cooke. Neither Syfu nor the appellant suffered a constitutional injury. In the absence of a constitutional violation, Cooke cannot be liable for condoning the officers' conduct or any allegedly unconstitutional policies the police department maintained. *See Estate of Amos v. City of Page,* 257 F.3d 1086, 1095 (9th Cir.2001); *Quintanilla v. City of Downey,* 84 F.3d 353, 355 (9th Cir.1996).

■ The defendants and their attorneys cross-appeal the district court's order conditioning reinstatement of a waived evidentiary privilege on defense counsel's payment of $7,500 to compensate for expense and delay. The payment of the $7,500 is a "sanction" because it imposes a monetary obligation on the defendants' attorneys. *See Heckethorn v. Sunan Corp.,* 992 F.2d 240, 242 (9th Cir.1993). Before sanctions are imposed, procedural due process protections require an opportunity to be heard. *See Navellier v. Sletten,* 262 F.3d 923, 943 (9th Cir.2001), *cert. denied,* 536 U.S. 941, 122 S.Ct. 2623, 153 L.Ed.2d 806 (2002). The record before us reflects that the district court did not provide defense counsel with a hearing to defend against the imposition or the amount of the sanction. We therefore vacate the district court's order conditioning reinstatement of the privilege on defense counsel's payment of $7,500. We remand to the district court so that it may give defense counsel an opportunity to be heard.

If the district court rules after a hearing that sanctions should be imposed, the court should state the basis of its authority for the sanction chosen. At this juncture, we need not and do not rule on the propriety of the form of sanction that the district court chose previously.

Judgment in favor of defendants AFFIRMED. Order pertaining to payment of fees VACATED and REMANDED for further proceedings consistent with this disposition. Each party to bear its own costs on appeal.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. 34(a)(2).

** Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.