**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ROBERT L. HYDE; JOSHUA B.
SWIGART; HYDE & SWIGART,
                    *Appellants,*

        and

DARREN DEL NERO, NICOLE SHAKER,
                    *Plaintiffs,*

        v.

MIDLAND CREDIT MANAGEMENT,
INC.; MRC RECEIVABLES CORP.,
            *Defendants-Appellees.*

No. 07-55326

D.C. No.
CV-04-01040-GPS

OPINION

Appeal from the United States District Court
for the Central District of California
George P. Schiavelli, District Judge, Presiding

Argued and Submitted
October 23, 2008—Pasadena, California

Filed June 9, 2009

Before: William A. Fletcher and Richard A. Paez, Circuit
Judges, and Kevin Thomas Duffy,* Senior District Judge.

Opinion by Judge William A. Fletcher

*The Honorable Kevin Thomas Duffy, Senior United States District
Judge for the Southern District of New York, sitting by designation.

## COUNSEL

Alison Buchanan, Hodge, Fenton, Jones & Appel, San Jose, California, Robert L. Hyde, Joshua B. Swigart, Hyde & Swigart, San Diego, California, for the appellants.

Stephen H. Turner, Lewis, Brisbois, Bisgaard & Smith, Los Angeles, California, Tomio Buck Narita, Jeffrey A. Topor, Simmonds & Narita, San Francisco, California, for the appellee.

## OPINION

W. FLETCHER, Circuit Judge:

Plaintiff Darren Del Nero sued Defendants-Appellees Midland Credit Management, Inc. ("Midland") and MRC Receivables Corporation ("MRC") for violations of the Fair Debt Collection Practices Act ("FDCPA") and California Business and Professions Code § 17200. Appellants Robert L. Hyde, Joshua B. Swigart and their law firm Hyde & Swigart (collec-

tively "Hyde & Swigart") represented Del Nero. Del Nero lost his suit on the merits.

The district court awarded attorney's fees and costs to Midland and MRC under the FDCPA, 15 U.S.C. § 1692k(a)(3), holding Del Nero and Hyde & Swigart jointly and severally liable for the award. Hyde & Swigart appeal the award of attorney's fees and costs. We reverse.

## I.   Background

On February 17, 2004, Del Nero and his mother Nicole Shaker sued Midland and MRC alleging violations of the FDCPA and California Business and Professions Code § 172000. Attorney Robert Stempler represented both Del Nero and Shaker. Stempler subsequently withdrew and was replaced by Del Nero's sister. Shaker settled with Midland and MDC before trial, and her claims were dismissed with prejudice. Three months before trial, Hyde & Swigart replaced Del Nero's sister as his counsel.

The case was tried to the court. At the close of plaintiff's case, Midland and MRC moved for judgment on partial findings under Federal Rule of Civil Procedure 52(c). The court granted the motion in part, dismissed all of Del Nero's claims against MRC and his § 17200 claim against Midland. The trial then continued on Del Nero's remaining FDCPA claims against Midland. After the close of evidence, the court ruled for Midland.

The district court awarded attorney's fees and costs to Midland and MRC against plaintiff Del Nero and his attorneys Hyde & Swigart jointly and severally. In support of its award, the district court wrote that "Plaintiff's only supporting witness was wholly without credibility." It wrote further, "The record of the present case as well as Plaintiff's pattern of filing apparently frivolous cases asserting debt collection violations establish that the present case was brought in bad faith

and for the purpose of harassment as defined in 15 U.S.C. § 1692k(a)(3)." The court awarded attorney's fees and costs of $155,979.09 against Del Nero under § 1692k(a)(3). It awarded the same amount against Hyde & Swigart under § 1692k(a)(3) and Federal Rule of Civil Procedure 11.

Hyde & Swigart timely appealed the award of attorney's fees and costs. Del Nero has not appealed. The parties to the appeal agree that the district court erred in awarding attorney's fees and costs under Rule 11 by not following the rule's requirements. *See* Fed. R. Civ. P. 11(c)(1)(A) (2007) (requiring a 21-day safe harbor period for a party to withdraw or correct its offending statements before the court can issue sanctions on a party's motion); 11(c)(1)(B) (2007) (requiring the court to "enter an order describing the specific conduct that appears to violate [Rule 11] and directing an attorney, law firm, or party to show cause why it has not violated [Rule 11]").

For purposes of this appeal, we assume without deciding that Del Nero's "action . . . was brought in bad faith and for the purpose of harassment" within the meaning of § 1692k(a)(3). The question presented to us is thus whether attorney's fees and costs may be awarded against a plaintiff's attorney under § 1692k(a)(3).

## II.    Standard of Review

We review *de novo* the legal question whether attorney's fees and costs may be awarded against a plaintiff's attorney under § 1692k(a)(3). *See Benson v. C.I.R.*, 560 F.3d 1133, 1135 (9th Cir. 2009). Assuming attorney's fees and costs are available against an attorney under § 1692k(a)(3), we review for abuse of discretion the district court's decision to award attorney's fees and costs. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 933 (9th Cir. 2007); *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1148 (9th Cir. 2001). "The district court's finding on the issue of bad faith and harassment is

reviewed for clear error." *Guerrero*, 499 F.3d at 933 (citing *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1229 (9th Cir. 1989)).

## III.   Discussion

**[1]** Section 1692k(a)(3) provides in relevant part, "On a finding by the court that an action under [the FDCPA] was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."

**[2]** Whether attorney's fees and costs may be awarded under § 1692k(a)(3) against an attorney of an unsuccessful abusive plaintiff is an issue of first impression in this circuit. The district court relied in part on *Terran v. Kaplan*, 109 F.3d 1428 (9th Cir. 1997), but we decided *Terran* under Rule 11. 109 F.3d at 1434-35. It is therefore inapposite to the appeal now before us. For the reasons that follow, we hold that § 1692k(a)(3) does not authorize the award of attorney's fees and costs against a plaintiff's attorneys.

**[3]** We begin by analyzing the text of the statute. Section 1692k(a)(3) is silent as to who should pay attorney's fees and costs, merely stating that "the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." The FDCPA's legislative history reveals little more than the text. Congress stated only that it included the fee shifting provision "to protect debt collectors from nuisance lawsuits." S. Rep. No. 95-382, at 5 (1977).

**[4]** In *Pfingston v. Ronan Engineering Co.*, 284 F.3d 999 (9th Cir. 2002), we held that a similar provision in the False Claims Act ("FCA") did not authorize attorney's fees against an attorney. *Id.* at 1006. The FCA provides, "[T]he court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was

clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4). In support of our holding, we noted that Congress had purposefully borrowed the language of the FCA from 42 U.S.C. § 1988, which does not allow fee awards against attorneys. *Pfingston*, 284 F.3d at 1006 n.4 (citing S. Rep. No. 99-345, at 29 (1986) ("[The False Claims Act] standard reflects that which is found in section 1988 . . . .")).

The legislative history of the FCA's fee shifting provision indicated Congress's strong desire to deter bad faith actions under the FCA:

> The Committee added this language in order to create a strong disincentive and send a clear message to those who might consider using the private enforcement provision of this Act for illegitimate purposes. The Committee encourages courts to strictly apply this provision in frivolous or harassment suits as well as any applicable sanctions available under the Federal Rules of Civil Procedure.

S. Rep. No. 99-345, at 29 (1986). Despite Congress's clearly expressed intent to deter bad faith actions, we refused to allow awards of attorney's fees against attorneys under the FCA given "the absence of any indication that Congress intended a different result." *Pfingston*, 284 F.3d at 1006. Indeed, there is a general "presumption that an attorney is generally not liable for fees unless that prospect is spelled out." *Heckethorn v. Sunan Corp.*, 992 F.2d 240, 242 (9th Cir. 1993).

**[5]** Just as in the FCA, Congress in the FDCPA failed to indicate any intention to authorize the award of attorney's fees and costs against attorneys representing debtors. And just as we held in *Pfingston* that such awards were not authorized under the FCA, we so hold today under the FDCPA.

Midland and MRC point us to only two decisions holding otherwise. The first case is *Chaudhry v. Gallerizzo*, 174 F.3d

394 (4th Cir. 1999), in which a prevailing defendant in a FDCPA case sought sanctions against the unsuccessful plaintiffs and their attorney under 15 U.S.C. § 1692k(a)(3), Rule 11, and 28 U.S.C. § 1927. The district court awarded $5,000 in "sanctions" against the plaintiffs and $10,000 against the attorney. *Chaudhry*, 174 F.3d at 410. The Fourth Circuit affirmed the award under all three provisions without analyzing them separately.

It is clear from the Fourth Circuit's opinion that the $10,000 sanction against the attorney was fully justified under either Rule 11 or § 1927. We strongly suspect that if the Fourth Circuit had been compelled to justify the award of attorney's fees under § 1692k(a)(3) standing alone, and had thus been compelled to focus its analysis on that section, it would have come to a different conclusion with respect to § 1692k(a)(3).

Rule 11 and § 1927 are not specific to any particular statute. Rather, they apply to any civil suit in federal district court. Further, each explicitly provides for remedies against offending attorneys. *See* Rule 11(c) (1998) ("Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that [Rule 11(b)] has been violated, the court may . . . impose an appropriate sanction upon the *attorneys, law firms*, or parties that have violated [Rule 11(b)] or are responsible for the violation.") (emphasis added); § 1927 ("Any *attorney* . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.") (emphasis added). Finally, each gives discretion to the district court to determine the amount of the sanction depending on the nature of the conduct.

By contrast, § 1692k(a)(3) is specific to the FDCPA. Further, it nowhere specifically authorizes an award against an "attorney." Finally, it does not authorize an award of a "sanc-

tion" of an indeterminate amount in the discretion of the district court; rather, it provides for an award of the entire amount of "reasonable" "attorney's fees."

The second case is *Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393 (S.D.N.Y. 1999), in which the district court awarded attorney's fees against the plaintiff's attorney in a FDCPA case. The court did so without considering the question whether the award should run against the plaintiff and not against his attorney.

**[6]** We are not persuaded by the limited analysis in *Chaudhry* and *Sierra* that an award of attorney's fees under § 1692k(a)(3) against plaintiffs' attorneys is proper. Based on the text and legislative history of § 1692k(a)(3), on our decision in *Pfingston* under the FCA, and on the presumption against awarding attorney's fees against attorneys, we believe that the better analysis of § 1692k(a)(3) is that it authorizes attorney's fees and costs only against the offending plaintiff or plaintiffs.

## Conclusion

**[7]** We hold that 15 U.S.C. § 1692k(a)(3) does not authorize the award of attorney's fees and costs against a plaintiff's attorneys. We reverse the district court's award of attorney's fees and costs against Hyde & Swigart.

**REVERSED.**