**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN RICHARDSON, on behalf of himself and all others similarly situated, | No. 09-56604 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00979-DSF-RC |
| v. | MEMORANDUM* |
| BROTHER INTERNATIONAL CORPORATION, a Delaware corporation, | |
| Defendant - Appellee. | |

| | |
|---|---|
| In re: STEVEN RICHARDSON; et al., | No. 09-73177 |
| STEVEN RICHARDSON; et al., | D.C. No. 2:07-cv-00979-DSF-RC |
| Petitioners, | |
| v. | |
| UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES, | |
| Respondent, | |

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

BROTHER INTERNATIONAL
CORPORATION,

Real Party in Interest.

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted October 5, 2010
Pasadena, California

Before: PREGERSON, D.W. NELSON and IKUTA, Circuit Judges.

We lack subject matter jurisdiction to consider Steven Richardson's appeal of the district court's order of conditional voluntary dismissal without prejudice. *See Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 556 (9th Cir. 1987), *abrogated on other grounds by Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1990) (en banc). The dismissal was consensual because Richardson expressly declined to withdraw his motion, and the conditions imposed by the order were limited to costs and attorneys' fees. *See id.* Because a condition imposing costs and attorneys' fees alone is per se not legal prejudice, *id.*, the order would not be appealable even if Richardson were correct that the fees awarded in this case were unreasonably high. As we stated in *Unioil*, "review of clearly unreasonable [costs and attorneys' fees] conditions could be obtained through a

2

writ of mandamus" rather than through direct appeal. *Id.* We also reject

Richardson's argument that *Koch v. Hankins*, 8 F.3d 650 (9th Cir. 1993), should

affect our reading of *Unioil*, because *Koch* did not discuss jurisdiction and "the

exercise of jurisdiction in a case is not precedent for the existence of jurisdiction."

*Indian Oasis-Baboquivari Unified Sch. Dist. No. 40 of Pima Cnty., Ariz. v. Kirk*, 91

F.3d 1240, 1243 (9th Cir. 1996).

Because the district court's order imposed a joint and several obligation on

Richardson and his attorneys, the order is not appealable as a de facto sanction of

counsel. *Cf. Heckethorn v. Sunan Corp.*, 992 F.2d 240, 241–42 (9th Cir. 1993).

Finally, because the district court expressly gave Richardson the option to

withdraw his motion upon notice that the condition would be between $100,000

and $110,000, we reject Richardson's argument that the court erred in not giving

him a reasonable amount of time to withdraw his motion. *See Lau v. Glendora*

*Unified Sch. Dist.*, 792 F.2d 929 (9th Cir. 1986); *see also Beard v. Sheet Metal*

*Workers Union, Local 150*, 908 F.2d 474, 476–77 (9th Cir. 1990).

Richardson does not meet the criteria for the issuance of a writ of mandate,

because he has not demonstrated that the district court's order was clear error as a

matter of law. *See Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir.

1977); *see also Exec. Software N. Am., Inc. v. U.S. Dist. Court for the Cent. Dist. of*

3

*Cal.*, 24 F.3d 1545, 1551 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). Although the district court used different phrases in referring to the fees properly chargeable to Richardson under the *Koch* standard (fees "not likely to be useful" to Brother International Corporation ("BIC") and fees "not useful" to BIC), this was not clear error because *Koch* itself used different formulations of the standard at different times, including formulations similar to those used by the district court. *See Koch*, 8 F.3d at 652 (stating that only fees for work that "might [not] be useful" and "might [not] be of use" are chargeable to the plaintiff). In addition, the district court's application of the *Koch* standard to fees incurred by BIC for work that might have been useful in defending against other class actions raising similar issues could not have been clear error because *Koch* did not define "litigation between the parties" to include such third-party class actions. *Koch*, 8 F.3d at 652. Richardson has not established that the court's approval of BIC's attorney's fees calculation, BIC's inclusion in its calculation of work done in opposing Richardson's motion for voluntary dismissal, or the court's decision not to conduct an evidentiary hearing were inconsistent with our precedent.

Because Richardson's appeal was not frivolous, to the extent BIC's motion for Rule 38 sanctions was properly made, *see Higgins v. Vortex Fishing Sys., Inc.*, 379 F.3d 701, 709 (9th Cir. 2004), it is denied.

**DISMISSED IN PART AND DENIED IN PART.**