**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANNA M. BJORNSDOTTER, on behalf of herself and others similarly situated, | No. 20-35298 20-35503 |
| Plaintiff-Appellant, | D.C. No. 6:18-cv-02079-MC |
| v. | |
| SUTTELL & HAMMER, P.S., FKA Suttell, Hammer & White, P.S.; PATRICK J. LAYMAN, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted December 10, 2021
San Francisco, California

Before:  WARDLAW, BRESS, and BUMATAY, Circuit Judges.
Concurrence by Judge BUMATAY

Anna Bjornsdotter appeals from two district court judgments.  First, she

appeals the district court's summary judgment order in favor of Suttell & Hammer,

P.S. ("Suttell"), which found that the *Rooker-Feldman* doctrine, or alternatively

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

issue preclusion, barred her first two claims, and that Bjornsdotter failed to raise a genuine issue of material fact as to her third claim. Second, she appeals the district court's award of costs and attorneys' fees to Suttell. We review a grant of summary judgment de novo. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017). Under 15 U.S.C. § 1692k(a)(3), we review a district court's finding of bad faith and harassment for clear error and the ultimate decision to award fees and costs for abuse of discretion. *Hyde v. Midland Credit Mgmt., Inc.*, 567 F.3d 1137, 1139–40 (9th Cir. 2009). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

1. The district court erred in holding that Bjornsdotter's claims were barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005). The doctrine is a two-step test. First, the federal action must contain a forbidden de facto appeal of a state court decision. *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). "A de facto appeal exists when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" *Id.* (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). Second, if a plaintiff brings a de facto appeal, any issue "inextricably intertwined" with the appeal is also barred from being litigated in federal court. *Id.* Under this framework, Bjornsdotter's first two claims were not barred.

Bjornsdotter did not challenge the state court judgment or seek relief from it, nor did she "allege[] a legal error by the state court." *Id.* That is, she did not contend that the Oregon state court's decision was wrong and must be reversed, or that she is seeking relief for injury caused by the state court judgment itself. Rather, she contended that Suttell's collection actions during the state court proceeding violated the Fair Debt Collection Practices Act ("FDCPA"). *See id.* ("[I]f a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction." (simplified)).[1]

2.     Although Bjornsdotter's first two claims were not barred by the *Rooker-Feldman* doctrine, the district court properly found in the alternative that the claims were barred by the doctrine of issue preclusion. When applying the doctrine, federal courts must look to state law to determine the preclusive effect of a state court judgment. *See* 28 U.S.C. § 1738; *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 915 (9th Cir. 1993). And because an Oregon state court issued the first judgment in this case, Oregon state law applies. Oregon courts apply a five-part test to determine if a claim is issue precluded. *Nelson v. Emerald People's Util. Dist.*,

---

[1] We disagree with Suttell that there is a split-line of authority in this circuit regarding the *Rooker-Feldman* doctrine. When properly construed, *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855 (9th Cir. 2008) is consistent with the two-step test articulated by *Noel* and *Bell* because the plaintiff in *Reusser* sought to challenge a state court eviction order. The two-step test from *Noel* is the correct framework for evaluating the *Rooker-Feldman* doctrine in this circuit. *See Bell*, 709 F.3d at 897.

318 Or. 99, 104 (1993). Here, only the first two elements were discussed or contested by the parties: (1) the issue in the two proceedings is identical; and (2) the issue was actually litigated and was essential to a final decision on the merits in the prior proceeding. *Id.* We agree with the district court that Bjornsdotter's claims were barred by issue preclusion.

The issue before the state court and the federal district court was the same. In the state action, Bjornsdotter argued that Discover's allegations did not support claims for account stated and unjust enrichment, but did not challenge the validity of the debt. Then in her federal suit, Bjornsdotter argued that those same claims violated the FDCPA because they were false, misleading, and deceptive. Bjornsdotter again argued that the allegations did not support Discover's claims for the same reasons she had raised in state court.

The issue was also actually litigated and essential to a final decision on the merits in state court. To satisfy this element, the face of the order must show that an issue was actually determined; or, if the order is unclear on its face, the resolution of the issue must have been necessary to the resolution of the adjudication. *Leach v. Scottsdale Indemn. Co.*, 261 Or. App. 234, 240 (2014). Here, although the state summary judgment order contained no reasoning, it's clear from the record that Discover's account stated and unjust enrichment claims were substantively identical, and Bjornsdotter's objections to those claims were the same. Specifically, Discover

4

argued that Bjornsdotter through her use of a Discover credit card owed $1,653.36, and Bjornsdotter argued she had never agreed to pay this amount. In granting summary judgment for Discover on either claim (or both of them), the state court necessarily agreed that Bjornsdotter owed Discover $1,653.36, while rejecting Bjornsdotter's argument for avoiding payment. Thus, Bjornsdotter's first two claims in federal district court were properly barred by issue preclusion.[2]

3.     The district court did not err in finding that Bjornsdotter failed to present a genuine issue of material fact that Suttell violated the FDCPA by seeking a $65 process server fee. Oregon Rule of Civil Procedure 68 B provides that a prevailing party may receive "costs and disbursements," and Oregon law provides that a party may recover "any reasonable costs of service if the party has a contract right to recover those costs." O.R.S. § 20.115(4). So, because Discover prevailed in the state action and also had a valid contractual agreement with Bjornsdotter to collect from her "court or other collection costs" incurred in collecting a debt, Suttell had the right to collect the $65 fee. That the state court instead awarded a $45 fee in its discretion does not mean that Suttell's request for the $65 fee was fraudulent.

---

[2] In concurrence, our fine colleague Judge Bumatay notes that the state court granted summary judgment without analysis, and surmises that the state court may have viewed Discover's account stated and unjust enrichment claims differently. We do not find that reasoning persuasive because the account stated and unjust enrichments claims were in substance the same claim, and Bjornsdotter's objections to each claim were substantively the same. We decline to reach the merits of the first two claims because we have not received briefing on those issues.

Suttell thus did not violate the FDCPA.

4.    Because we conclude that the district court erred in invoking the *Rooker-Feldman* doctrine, we also reverse the grant of attorneys' fees to Suttell and remand for the district court to reconsider the issue.  To grant attorneys' fees under the FDCPA, a plaintiff must have brought her federal action "in bad faith and for the purpose of harassment."  15 U.S.C. § 1692k(a)(3).  The district court based its finding on three grounds: (1) Bjornsdotter raised issues "inextricably intertwined" with the state court decision in her federal claims, rendering her claims barred under the *Rooker-Feldman* doctrine and doctrine of issue preclusion; (2) a good-faith basis existed for seeking a $65 process service fee; and (3) Bjornsdotter, through counsel, lobbed insults at Suttell.  With the *Rooker-Feldman* doctrine knocked away, the district court must now reevaluate whether attorneys' fees remain warranted, and, if so, the proper amount of any such fees.

5.    The district court also erred in part when it awarded Suttell costs. Under Federal Rule of Civil Procedure 54(d)(1), a district court should generally award costs to a prevailing party in a civil action.  What determines "costs" is controlled by 28 U.S.C. § 1920.  Here, the district court's costs award included a $300 *pro hac vice* fee, but *pro hac vice* fees do not constitute awardable costs.  *See Kalitta Air LLC v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013) (holding that "§ 1920(1) does not allow for an award of *pro hac vice* fees as taxable

6

costs"). The district court, however, did not err in awarding deposition costs. *See* 28 U.S.C. § 1920(2); *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001) (holding that a district court "can, in its discretion, tax [deposition costs and copying costs] even if the items in question were not used at trial").[3]

**AFFIRMED IN PART AND REVERSED IN PART.**

---

[3] The parties shall bear their own costs on appeal.

BUMATAY, Circuit Judge, concurring:

I concur in the judgment. But I would have affirmed the summary judgment order on the first two claims for a different reason. While I agree that Bjornsdotter's claims are not barred by the *Rooker-Feldman* doctrine, I disagree that they are barred by the doctrine of issue preclusion. I would have thus reached the merits and affirmed because the claims are baseless.

Yes, the issue in the Oregon state court and the federal district court was the same. But no, the issue was not actually litigated and essential to the final state court judgment. When a court order is unclear on its face—as is the case here—the essentiality prong is met only if the resolution of the issue was *necessary* to the resolution of the prior adjudication. *Leach v. Scottsdale Indemn. Co.*, 261 Or. App. 234, 240 (2014). And because the state court issued a general judgment order with no analysis, we cannot say for sure what the state court's basis was for entering judgment. The court could have conceivably based its decision on either Discover's unjust enrichment claim, the account stated claim, or even the contract theory advanced in briefing. More concretely, the Oregon state court could have found merit in the unjust enrichment claim, but not in the account stated claim. Or vice versa. Or it could have found merit in both claims. Each possibility would warrant judgment in Discover's favor. Further, although the state court summarily rejected Bjornsdotter's summary judgment motion, it too is conceivable that the state court

8

ruled based on only one of Discover's claims being meritorious. This is the case because claims for account stated and unjust enrichment are not "in substance the same claim," as the majority contends. Maj. 5 n.2; *compare Portfolio Recovery Assocs., LLC v. Sanders*, 366 Or. 355 (2020) (en banc), *with Larisa's Home Care, LLC v. Nichols-Shields*, 362 Or. 115 (2017). Thus, it is not at all clear that the resolution of *both* of Discover's claims was *necessary* to the Oregon state court summary judgment order.

And since the party asserting issue preclusion has the "burden to prove that the issue was actually litigated and essential to a prior final decision on the merits," *Hancock v. Pioneer Asphalt, Inc.*, 276 Or. App. 875, 881 (2016), a close call should be decided in Bjornsdotter's favor.

But at this point, my analysis merges with the panel's: the district court's grant of summary judgment should be affirmed for the simple reason that Bjornsdotter's first two claims fall flat on the merits. In 2013, Bjornsdotter applied for and received a credit card from Discover. She then ran-up a $1,653.36 balance and failed to pay it, prompting Discover to initiate a collection proceeding. Discover then hired the law firm of Suttell & Hammer, P.S. to act on its behalf in collecting the outstanding debt, and in December 2017, Suttell filed a collection lawsuit against Bjornsdotter in Oregon state court. Thus, Bjornsdotter's two claims alleging that the state collection action was a false, misleading, and deceptive communication, and

9

an unconscionable and unfair means of collecting a debt in violation of the FDCPA is baseless.  I would affirm on that ground.